THE STATE OF OHIO, APPELLEE, *v.* CASSIDY, APPELLANT.

(No. 2014—Decided October 31, 1984.)

*Martin Frantz,* assistant prosecuting attorney, for appellee.

*Robert N. Gluck,* for appellant.

GEORGE, J. Defendant-appellant, Mark Cassidy, was charged with two felonies: aggravated burglary, R.C. 2911.11(A)(1), (2), (3), and aggravated rape, R.C. 2907.02(A)(1). The state agreed to the removal of the reference to a weapon in the burglary offense and agreed to dismiss the rape charge in exchange for a plea of guilty to the offense of burglary, R.C. 2911.12(A), a felony with a minimum penalty of three, four, five, six, seven or eight years with a maximum term of fifteen years. The trial court imposed an indeterminate sentence of not less than seven nor more than fifteen years. The sentence imposed prompts this appeal. This court affirms the sentence.

The defendant raises two assignments of error:

"1. The trial court abused its discretion upon sentencing a youthful first offender to the maximum punishment when the court bases its judgment on charges neither admitted nor proved and wherein the defendant offered uncontroverted evidence as to meeting the criteria for probation.

"2. Due process and fundamental fairness are denied a defendant who upon sentencing is punished for acts neither proved nor admitted."

In both assignments of error Cassidy alleges the trial court improperly considered certain information for purposes of sentencing. Specifically, Cassidy objects to the court's consideration of the details of the offense as contained in a presentence report prepared pursuant to Crim. R. 32.2(A). The presentence report included information contained in the police report that Cassidy had threatened the victim with a knife and had raped her.

It is well-settled that the court may, in the sentencing process, consider information which would have been inadmissible at trial. *State* v. *Davis* (1978), 56 Ohio St. 2d 51 [10 O.O.3d 87]. The purpose of the presentence hearing is distinct from that of the trial. At sentencing the court is not concerned with the guilt or innocence of the defendant, but rather with imposing an appropriate sentence based upon the seriousness of the crime committed and the character of the defendant. *State* v. *Barker* (1978), 53 Ohio St. 2d 135, 150-151 [7 O.O.3d 213]; *State* v. *Burgett* (Nov. 9, 1983), Lorain App. No. 3488, unreported.

Circumstances of the offense are among those matters which Crim. R. 32.2(B) provides shall be included in the presentence report, along with information about the defendant's background

and character. In addition, both R.C. 2929.12 and 2951.02, which set forth guidelines for determining the term of imprisonment for a felony and criteria for probation, call for a consideration of "the nature and circumstances of the offense,"as well as the need for protecting the public from the risk that the offender will commit another crime. Both sections also make the age of the victim, if over sixty-five years, a factor in determining the sentence. The victim in this case was over eighty.

Furthermore, the court has broad discretion in sentencing within the statutory limits. *Toledo* v. *Reasonover* (1965), 5 Ohio St. 2d 22 [34 O.O.2d 13]. Generally, there is no abuse in sentencing when the sentence is authorized by statute. *State* v. *Williams* (1982), 7 Ohio App. 3d 160; *State* v. *Williams* (May 23, 1984), Summit App. Nos. 11440 & 11462, unreported. The sentence imposed here was within the statutory limits.

Additionally, a defendant's due process rights are not violated under the United States Constitution when the sentencing court considers information relevant to the circumstances of the offense even though received outside open court. *Williams* v. *New York* (1949), 337 U.S. 241, rehearing denied (1949), 337 U.S. 961, rehearing denied (1949), 338 U.S. 841; *Williams* v. *Oklahoma* (1959), 358 U.S. 576, rehearing denied (1959), 359 U.S. 956.

Clearly, the trial court here not only had the right, but was mandated, to consider the circumstances of the offense. This court finds no abuse of discretion on the part of the trial court in imposing the sentence of seven to fifteen years. Accordingly, the assignments of error are overruled and the sentence is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and QUILLIN, J., concur.