Defendant-appellant, Chad M. Maser, appeals from a judgment of the Franklin County Court of Common Pleas sentencing him on his guilty plea to five counts of gross sexual imposition in violation of R.C. 2907.05, all felonies of the third degree. The trial court imposed consecutive sentences of three years on each count. Pursuant to R.C. 2950.09, the trial court also found defendant to be a sexual predator. Defendant appeals, assigning two errors:
 I. THE TRIAL COURT IMPOSED CONSECUTIVE SENTENCES IN VIOLATION OF THE LAW.
 II. THE TRIAL COURT ERRED WHEN IT DETERMINED THAT THE DEFENDANT WAS A SEXUAL PREDATOR WHEN THE STIPULATED FACTS DID NOT SUPPORT THE DETERMINATION.
Defendant's first assignment of error asserts the trial court failed to make the findings statutorily required to support consecutive sentences.
Trial courts have broad discretion when sentencing within the statutory guidelines. State v. Cassidy (1984), 21 Ohio App.3d 100,102. "So long as the trial court makes the necessary findings, the decision to impose consecutive sentences is a matter committed to the trial court's sentencing discretion."State v. Haines (Oct. 29, 1998), Franklin App. No. 98AP-195 (1998 Opinions 4899), citing State v. Johnson (1998), 40 Ohio St.3d 130,133.
Defendant directs this court's attention to R.C.2929.14(E)(4), which permits the trial court to order defendant to serve consecutive prison terms only if the court makes certain findings. The trial court initially had to find that "* * * consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public * * *." (Emphasis added.) Further, the trial court had to find any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. Id.
At defendant's sentencing, the trial court made the following statement on the record regarding consecutive sentences:
 Mr. Maser, on all five counts, I'm going to impose sentence of three years in the state penitentiary. Each one of those sentences is going to run consecutive with each other. I've made a determination that harm in this case is so great not one single prison term could reflect the severity of the offense. Your history of conduct demonstrates consecutive sentences are necessary to protect the public from any future crimes.
 Mr. Maser, that's fifteen years in the state penitentiary. There's going to be no early release whatsoever. I don't think there is any restitution to be ordered. (Emphasis added.) (Tr. 15.)
Relying on this court's decision in State v. Fincher (Oct. 14, 1997), Franklin App. No. 97APA-03-352, unreported (1997 Opinions 4287), which held that R.C. 2929.14 does not require "talismanic words" from the sentencing court, the state asserts that the trial court made the requisite findings "in his own words." (Appellee's brief, p. 2.) While the court made findings under R.C. 2929.14(E)(4)(b) and (c), the trial court did not make the findings required under unlettered provisions of R.C.2929.14(E)(4). The holding in Fincher does not relieve the trial court from its complying with statutory sentencing requirements.
Similarly, although the trial court further noted that it had "weighed the factors as set forth in the applicable provisions of R.C. 2929.13 and R.C. 2929.14," (Judgment Entry, May 19, 1998) "the mere assertion by the trial court that it has reviewed the factors and provisions set forth in R.C. 2929.11
to 2929.14 is not in itself sufficient finding on the record of the court's reasoning in determining its sentence." SeeState v. Mirmohamed (Dec. 3, 1998), Franklin App. No. 97APA-11-1492, unreported (1998 Opinions 5331). Because "the statutes do require the sentencing court, at minimum, to indicate on the record the necessary findings," State v.Fitzmorris (Dec. 1, 1998), Franklin App. No. 98AP-340, unreported (1998 Opinions 5316), the sentencing was improper.
Defendant also asserts that the trial court's finding of harm to the victim was not supported by the evidence on the record, given the absence of a victim impact statement. Defendant, however, did not object to the trial court's failure to include a victim's impact statement. See R.C. 2947.051. Moreover, "[g]enerally, the existence of victim impact statements work to the detriment of a criminal defendant." State v. Patterson
(1996), 110 Ohio App.3d 264. Nonetheless, because this matter must be returned to the trial court for the reasons noted above, the trial court will have the opportunity to examine the issue and, if it finds great harm to the victim, to more explicitly note that evidence on which it relies.
Accordingly, defendant's first assignment of error is sustained to the extent indicated.
Defendant's second assignment of error contends the record lacks evidence to support a finding that defendant is a sexual predator pursuant to R.C. 2950.09(B).
A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). Gross sexual imposition is a sexually oriented offense. R.C.2950.01(D)(1). Thus, the issue resolves to whether clear and convincing evidence supports the trial court's conclusion that defendant is likely to engage in future sexually oriented offenses. R.C. 2950.09(B)(3); State v. Cook (1998), 83 Ohio St.3d 404,423-424. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assoc. v. Massengale (1991),58 Ohio St.3d 121, 122. While clear and convincing evidence is "more than a preponderance of the evidence" it does not rise to the level of "evidence beyond a reasonable doubt." State v.Ingram (1992), 82 Ohio App.3d 341, 346.
R.C. 2950.09(B)(2) requires that the trial court take into consideration all relevant factors in making a sexual predator determination, including those enumerated in the statute. The trial court may place as much or as little weight on any of the factors as it chooses; the test is not a balancing one. Nor does the trial court have to find the majority of the factors to be applicable to defendant in order to conclude defendant is a sexual predator. State v. Fugate (Feb. 2, 1998), Butler App. No. CA97-03-065, unreported. Here, the trial court did not state on the record why it determined defendant was a sexual predator or what factors it considered in making its determination; it simply noted that "[t]he state has proved by clear and convincing evidence you are a sexual predator."
The evidence in the trial court included the pre-sentence report, the underlying case and guilty pleas, and stipulations of fact. Defendant contends the evidence is lacking because it fails to show previous history or pattern of sexual abuse other than the incidents to which he pled guilty, it shows no history of deviant sexual behavior, defendant did not physically harm or threaten the victim, and defendant readily admitted to what he had done.
The pre-sentence report and stipulations disclosed the facts of the underlying convictions. Defendant abused his girlfriend's daughter, then age ten, over a two-month period. The victim stated that she had been molested on five different occasions, including defendant's kissing the victim, touching her breasts and vaginal area, putting his penis into her mouth, masturbating in front of her to the point of ejaculation, and attempting to place his fingers into the victim's vagina. See R.C. 2950.09(B)(2)(a), (c) and (h). State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA-06-830, unreported (1998 Opinions 368) (noting the "high potential of recidivism among sex offenders whose crimes involve the exploitation of young children"). The pre-sentence report also disclosed the prior criminal record of defendant, defendant's poor probation experience and the fact that he was using marijuana and alcohol quite heavily at the time of these incidents. See R.C.2950.09(B)(2)(b) and (j). Given those factors, coupled with defendant's age, the victim's age, the nature of the acts, the repetition over two months demonstrating a pattern of abuse, and the relationship with the victim's mother facilitating the abuse, the trial court could reasonably conclude defendant is a sexual predator.
Having overruled defendant's second assignment of error, but sustaining his first assignment of error to the extent indicated, we affirm the trial court's judgment in part, reverse in part, and remand the case for re-sentencing consistent with this opinion.
Judgment affirmed in part and reversed in part; caseremanded.
BOWMAN and TYACK, JJ., concur.