This case is before us on the delayed appeal of Terry Wayne Blake from his conviction and sentence on a robbery charge. Originally, Blake was charged with aggravated robbery, with a gun specification. However, that charge was dismissed in exchange for Blake's guilty plea to a lesser charge of robbery. Following the guilty plea, the trial court sentenced Blake to three years imprisonment. The court's decision was based on the evidence elicited at the preliminary hearing, a presentence investigation report, and Blake's sentencing memorandum, Blake now raises the following assignments of error:
I. Did the trial court abuse its discretion when it ignored the manifest weight of the evidence which clearly indicated that the defendant rebutted the presumption of prison term, and imposed a sentence contrary to law.
II. Was Mr. Blake denied his rights to effective assistance of counsel guaranteed under Art. I Sec. 10 of the Ohio Constitution and the Sixth Amendment under the U.S. Constitution, when his attorney advised him to plead guilty to robbery where the evidence presented by the State was insufficient to prove the elements of robbery or even the elements of the original charge of aggravated burglary.
 I
The charge against Blake arose from the events of September 6, 1997. Although the factual record is somewhat sparse, the evidence at the preliminary hearing indicated that Blake attended a party at a club that evening. At about midnight, Blake asked Ina Thomas, who was also at the club, to go outside. Thomas and Blake had known each other for about six years and had dated occasionally. After the couple went outside, Blake first complimented Thomas on how she looked and then began to talk to her about why she would not sit at a table with him. An argument ensued, and Blake began hitting Thomas. Blake dragged her around the side of the building, threatened to kill her, and "snatched" off her chains and gold bracelet. At the time, Thomas was wearing seven chains and the bracelet. Thomas also claimed that Blake fired a weapon at her and chased her around cars in the parking lot, while telling her he was going to kill her. A security guard from the club broke up the fight and ran to get the police when Blake pulled a gun. Two broken pieces of gold chain and the bracelet were later found in the parking lot, but the rest of the chains were never recovered.
Blake did not testify at any point, nor did the security guard testify. While cross-examining Thomas, Blake's attorney implied that the dispute was over money Blake had lent Thomas. However, Thomas denied owing Blake money. As was indicated, Blake was originally charged with aggravated robbery, but was then allowed to plead guilty to robbery. Blake entered an "Alford" plea, denying he was guilty of the element of theft. NorthCarolina v. Alford (1970), 400 U.S. 25, 91 S.Ct. 160,27 L.Ed.2d 162. Blake's position in this regard is that although the chains may have broken in the struggle, he did not take them from the scene, nor did he ever have any intention to steal them. Again, Blake did not testify to this effect; this was simply the position taken in his presentencing memorandum, and is still his position on appeal.
In the first assignment of error, Blake claims the trial court abused its discretion by focusing on the fact that Blake allegedly used a firearm when committing the offense, and by ignoring factors like Blake's version of events, inconsistency in the statements of the victim and the security guard, and the fact that no bullets or shells were found at the scene.
Regarding sentencing review, R.C. 2953.08(G)(1) provides in pertinent part that:
 [t]he court hearing an appeal of a sentence * * * may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
(a) That the record does not support the sentence;
* * *
(d) That the sentence is otherwise contrary to law.
We have previously noted that:
 [c]lear and convincing evidence is more than a mere preponderance of the evidence. Rather, a petitioner must prove each of its allegations, clearly and convincingly, producing "`in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'"
State v. Hamilton (May 14, 1999), Darke App. No. 1471, unreported, quoting from In re Brown (1994), 98 Ohio App.3d 337, 343.
After considering the record, we find that the sentencing decision is supported by the record and is not contrary to law. In particular, we find no error in the trial court's reliance on Blake's alleged use of a firearm. Even though the firearm specification was dropped and the aggravated robbery charge was reduced to robbery, the charges were reduced or dismissed for a purpose, i.e., to obtain a guilty plea and to avoid a trial. The dismissal did not change the underlying facts of the crime, which the trial court was entitled to consider. In a similar situation, the Twelfth District found no error in the trial court's consideration of firearm use. State v. Rose, (Sept. 15, 1997), Clermont App. No. CA96-1-6, unreported. As the court stressed inRose:
 R.C. 2929.12(B) states that the court may consider "any other relevant factors" in assessing the seriousness of the offense. The record reveals that appellant's companion used a firearm during the robberies. Such is certainly relevant in determining whether a particular crime is more serious than conduct normally constituting the offense. The use of a firearm by one of the perpetrators significantly increases the likelihood that the victims could be subjected to serious injury or death and is relevant in determining the seriousness of the offense.
Id. at p. 5.
We also do not find that the trial court ignored Blake's version, or failed to resolve alleged inconsistencies in the evidence. First of all, Blake never testified, nor did he produce any evidence to support his version. From the facts presented at the preliminary hearing and in the presentence investigation report, the trial court could reasonably have found that Blake fired shots at the victim. Furthermore, while Blake claims there is no evidence that he took the chains from the scene, the robbery statute does not require that the theft be successful. Instead, R.C. 2911.02(A) states that:
 [n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
* * *
 (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another.
Based on Thomas' testimony, the court was entitled to find that Blake committed robbery as defined by the statute. Furthermore, a reasonable interpretation of the facts is that Blake intended to take the property and succeeded. As was mentioned earlier, Blake took the chains and bracelet from Thomas, and not all the property was recovered. According to the record, Blake was the last person in possession of the jewelry, and there is no evidence that someone else took anything. Moreover, even if Blake did not have the property when he was arrested (as his brief seems to suggest), this fact is of little weight. In this regard, we note that the presentence report indicates that Blake left the scene without being apprehended and was arrested three days later. As a result, he would have had time to dispose of the chains. And finally, to the extent that any version of Blake's story is implied in the record, Blake would have had a motive. Specifically, Blake was allegedly upset over money Thomas owed him. Accordingly, the record contains more than enough evidence to support the trial court's decision.
In addition to the other matters just discussed, the court's decision was consistent with the law. Specifically, if a defendant commits a second degree felony, R.C. 2929.13(D) presumes that a prison term is needed. A trial court may impose a community control sanction instead of a prison term only when both of the following findings are made:
 (1) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.
 (2) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense.
In contrast to these alternative findings, the trial court explicitly concluded, after analyzing the factors in R.C. 2929.12, that community control would demean the seriousness of the offense. As we said, this decision was supported by the evidence in the record.
We also note that, based on the facts elicited at the preliminary hearing, Blake could have been charged with feloniously assaulting Thomas, which is a second degree felony. See, R.C. 2903.11(A)(2). The presentence report also indicates that Blake threatened to shoot the security guard and also tried to hit him. Although Blake was not charged with any of these crimes, the trial court could have considered them as "any other relevant factors" showing that Blake's conduct was more serious than conduct normally constituting the offense. See, R.C.2929.12(B). See also, e.g., State v. Cassidy (1984), 21 Ohio App.3d 100
(circumstances of the offense are properly included in presentence report and may be considered by the trial court).
As a final matter, we note that the sentence of three years is substantially less than the maximum period of eight years that could have been imposed for a second degree felony under R.C.2929.14(A)(2). Accordingly, because the trial court's decision was supported by the record and was not contrary to law, the first assignment of error is overruled.
 II
In the second assignment of error, Blake contends his trial counsel was ineffective because he encouraged Blake to plead guilty even though the elements of robbery could not be proven. The well-established law in this context is that:
 [c]ounsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance.
* * *
 To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.
State v. Bradley (1989), 42 Ohio St.3d 136, 137, followingStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674.
We have previously recognized that "a plea of guilty waives the right to claim that the accused was prejudiced by constitutionally ineffective counsel, except to the extent the defects complained of caused the plea to be less than knowing and voluntary." State v. Barnett (1991), 73 Ohio App.3d 244, 249. In the context of an Alford plea, a guilty plea is voluntarily and knowingly made if the record shows that:
 (1) a guilty plea was not the result of coercion, deception, or intimidation; (2) counsel was present at the time of the plea; (3) his advice was competent in light of the circumstances surrounding the plea; (4) the pleas were made with the understanding of the nature of the charges; and (5) the plea was motivated either by a desire to seek a lesser penalty or a fear of the consequence of a jury trial, or both * * *.
State v. Ellis (Nov. 4, 1992), Montgomery App. No. 12909, unreported, p. 2, quoting from State v. Piacella (1971), 27 Ohio St.2d 92,96.
Our review of the record indicates that all these requirements were satisfied. The trial court carefully explained the nature of the charges, and Blake stated on the record that he understood. Blake also indicated he had not been subjected to any coercion, and expressly agreed with various statements his attorney made on the record. Among other things, the attorney said the State had three witnesses who would testify about facts that, if accepted by the jury, would result in a conviction on the higher offense, i.e., aggravated robbery with a gun specification. And finally, the attorney's advice was competent under the circumstances. As we mentioned above, a reasonable person could have found Blake guilty of all the elements of robbery or of aggravated robbery, based on the evidence elicited at the preliminary hearing. Likewise, the presentence report indicates that Blake attempted to harm or inflicted harm on Thomas, that Blake used or brandished a deadly weapon, and that some of the jewelry was taken by Blake and was never recovered. Accordingly, Blake's attorney did not act ineffectively in advising Blake to plead guilty to the lesser offense. Based on the preceding discussion, both assignments of error are overruled and the judgment of the trial court is affirmed.
WOLF, J. and FAIN, J., concur.
Copies mailed to:
John J. Amarante
Karen Denise Bradley
Hon. Dennis Langer