DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Sandusky County Court of Common Pleas which sentenced appellant, Kenneth Robb, to seven years of imprisonment. Appellant was indicted on October 5, 1999 to one count of kidnaping, in violation of R.C. 2905.01(A)(4); one count of rape, in violation of R.C. 2907.02(A)(2); and one count of possessing criminal tools, in violation of R.C. 2923.24. The state stipulated that the victim was returned to a safe location,
unharmed, following the incident. As such, on February 3, 2000, appellant pled guilty to kidnaping, a felony of the second degree, and was sentenced on March 13, 2000 to seven years of imprisonment.
Appellant timely appealed the trial court's judgment entry of sentencing and raises the following assignments of error:
 "A. The Record does not Support the Sentence Rendered by the Trial Court.
 "B. The Sentence Rendered by the Trial Court is contrary to law."
Specifically, appellant argues on appeal that the trial court failed to follow the guidelines set forth in R.C. 2929.11(A), R.C. 2929.12(E), and R.C. 2929.14(B).
Trial courts have broad discretion to determine the most effective way to comply with the purposes and principles of sentencing within the statutory guidelines. State v. Cassidy (1984), 21 Ohio App.3d 100, 102. R.C. 2929.11(A) states that "[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A) further states that in order to achieve these purposes, "the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." In addition to achieving the purposes of felony sentencing, the court's sentence should be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).
R.C. 2929.13(D) provides that for a felony of the second degree, "it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under [R.C. 2929.11]." Despite this presumption, the trial court can impose community control sanctions instead of a prison term if it makes two findings: (1) that community control would "adequately punish the offender and protect the public from future crime, because the applicable factors under [R.C. 2929.12] indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism"; and (2) that community control "would not demean the seriousness of the offense, because * * * the offender's conduct was less serious than conduct normally constituting the offense." R.C.2929.13(D)(1) and (2).
R.C. 2929.12(A) states that in exercising its discretion in imposing a sentence, "the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing." In determining whether the offender is likely to commit future crimes, the court shall consider the following:
 "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28
or any other provision of the Revised Code for an earlier offense.
 "(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has a history of criminal convictions.
 "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 "(5) The offender shows no genuine remorse for the offense." R.C. 2929.12(D).
In determining whether the offender is not likely to commit future crimes, the sentencing court shall consider the following factors:
 "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 (2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 (3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 (4) The offense was committed under circumstances not likely to recur.
 (5) The offender shows genuine remorse for the offense." R.C. 2929.12(E).
For a felony of the second degree, the court shall impose a definite prison term of "two, three, four, five, six, seven, or eight years." R.C. 2929.14(A)(2). However, if the sentencing court elects or is required to impose a prison term, and "if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C.2929.14(B).
This offense arose as a result of appellant encountering the victim in a bar where they were both drinking. Appellant and the victim left the bar and went to two other bars. Appellant indicated he would return the victim to her car, but instead drove her through the fog into the woods where he parked the car. He then took her into the woods, against her will, and attempted to engage in sexual intercourse with her. The victim stated that appellant told her she would be raped, struck her in the face, and took her into the woods where he performed sexual acts on her. She further stated that she was terrified and described the incident as a "nightmare." According to the victim, the incident was continuing to interfere with her daily life, she mistrusted men, and she quit her job and relocated in order to avoid having to be in Fremont.
Although appellant apologized for his actions at sentencing, in mitigation he offered the statements of another man, who was present at one of the bars that night, who stated that the victim was "more or less hanging all over" appellant.
In response to questioning by the trial court, appellant stated that he would go out "cruising" bars every couple of months. His wife confirmed that the victim was not the first woman with whom appellant had been unfaithful and that she knew of approximately five since they had been together, but that the victim was the only one she knew of in the three years prior to this incident.
During sentencing, the trial court specifically found that "there is a risk," although not a "high risk," of re-offending, based upon the Defendant's conduct in the past. The trial court further noted that the pre-sentence report "indicated that the Defendant felt he may have an addiction to sex, or wanting to have sex with women." The trial court then stated, "If so, if he has that knowledge he should be doing something about it before he's arrested on an offense and brought into court." The trial court held that "the presumption of prison sentence, which an F-2 Felony has, has not been overcome. And the Court further finds that to impose the least sentence demeans the seriousness of his conduct and would not adequately protect the public."
Additionally, in its judgment entry of sentencing, the trial court specifically held in its judgment entry of sentencing:
 "The Court finds the Defendant is not amenable to Community Control and that it would demean the seriousness of the offense to impose the minimum sentence and it is therefore ordered, adjudged and decreed that the Defendant be, and hereby is, sentenced to the control, care and custody of the Ohio Department of Rehabilitation and Correction, for referral to and confinement in a proper institution to be selected by said Department in accordance with the law for a term of SEVEN (7) YEARS, and he shall pay the cost of prosecution."
Appellant argues that this finding was contrary to law and not supported by the evidence in the record. Specifically, appellant asserts that he had no prior felonies, the crime was not drug related, the victim was drinking before appellant arrived at the bar, the record did not indicate that recidivism was likely, and the victim was returned unharmed in a safe place.
Appellant asserts that the trial court abused its discretion in not sentencing him to community control, and that the trial court overlooked the factors set forth in R.C. 2929.13(D). We disagree and find that the record supports imprisonment. The public needed protection from appellant who was likely to repeat his offense. Appellant's counsel admitted that appellant had a history of criminal convictions, appellant's remorse seemed questionable, and appellant had a pattern of "cruising" bars for women, as he was apparently doing on the night of the incident. See R.C. 2929.12(D) and (E). Accordingly, we find that the trial court did not abuse its discretion in sentencing appellant to prison rather than sentencing him to community control.
Additionally, appellant argues that the trial court improperly failed to sentence appellant to the shortest prison term available. See R.C.2929.14(B). We disagree. The trial court specifically held that the shortest prison term would "demean the seriousness of the offense." Such a finding is one of the exceptions to sentencing a defendant to the minimum sentence. We note that the trial court is not required by R.C.2929.14 to state its reasons for finding that a minimum sentence would demean the seriousness of the offender's conduct. State v. Edmonson
(1999), 86 Ohio St.3d 324, 326. Nevertheless, in this case, we find that the trial court's finding is amply supported by the record. Appellant's actions toward the victim were violent and threatening, and the impact of appellant's actions had a tremendous negative impact on the victim.
Accordingly, we find that the trial court's sentence is supported by the record and is not contrary to law. See R.C. 2929.11. Both of appellant's assignments of error are therefore found not well-taken. On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Sandusky County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.