OPINION
Defendant, William A. Nincehelser, appeals his April 5, 2000 sentence for trafficking in cocaine, trafficking in marijuana, and conspiracy to commit trafficking in drugs. Defendant raises the following six assignments of error:
 [1.] THE TRIAL COURT ERRED AND IMPOSED CONSECUTIVE SENTENCES IN VIOLATION OF OHIO REVISED CODE SECTIONS 2929.14(E)(4) AND 2953.08(C).
 [2.] THE TRIAL COURT ERRED AND IMPOSED SENTENCES IN VIOLATION OF OHIO REVISED CODE SECTION 2929.12.
 [3.] THE TRIAL COURT ERRED AND DEPRIVED THE APPELLANT OF DUR [sic] PROCESS OF LAW IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION AND OHIO REVISED CODE SECTIONS 2317.39 AND 2951.03(B) BY CONSIDERING UNDISCLOSED HEARSAY IN SENTENCING APPELLANT.
 [4.] THE TRIAL COURT ERRED AND DEPRIVED THE APPELLANT OF THE RIGHT TO CONFRONTATION IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION BY BASING APPELLANT'S SENTENCE ON UNDISCLOSED HEARSAY.
 [5.] THE TRIAL COURT ERRED BY IMPOSING A SEPARATE TERM OF INCARCERATION FOR CONSPIRACY TO COMMIT TRAFFICKING IN DRUGS IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND OHIO REVISED CODE SECTION 2941.25.
 [6.] THE TRIAL COURT ERRED BY ENTERING A JUDGMENT OF CONVICTION FOR CONSPIRACY TO COMMIT DRUG TRAFFICKING IN VIOLATION OF Ohio revised code section 2923.01(G).
The facts underlying this matter involve three individuals, defendant William Nincehelser, co-defendant John Lawson, and co-defendant Raymond Shortridge.
In November 1998, detectives of the Columbus Police Department contacted co-defendant Lawson, who agreed to sell them marijuana and cocaine. On November 11, 1998, the detectives met Lawson at his apartment and waited for his "supplier" to deliver the drugs. A short while later, defendant arrived and met privately with Lawson in another room. After only a few minutes, defendant left and Lawson consummated the sale with the detectives.
On November 23, 1998, Lawson contacted the detectives to arrange another sale. The next day, defendant was followed from Lawson's home to his own. Thereafter, defendant was watched by detectives as he left his home to meet with Lawson at a nearby restaurant. After another brief meeting, defendant left and Lawson returned and sold the detectives more cocaine. During the course of that sale, Lawson also agreed to another sale of marijuana, cocaine, and LSD.
On December 2, 1998, detectives met with Lawson and the second co-defendant, Shortridge, at another local restaurant. While the detectives spoke with Lawson and Shortridge, defendant was followed as he left his home and met with Lawson. The meeting took place at a nearby apartment, and again lasted only a few minutes. After the defendant drove away, Lawson and Shortridge returned to the restaurant and sold the detectives another one-half ounce of cocaine.
While the detectives made several other purchases from Lawson and Shortridge, on January 5, 1999, Lawson informed the detectives that defendant was "out of business," and, in fact, defendant took no part in any subsequent transaction.
Defendant was arrested on March 20, 1999, and subsequently pled guilty to trafficking in cocaine, trafficking in marijuana, and conspiracy to commit trafficking in drugs. Defendant was sentenced, along with co-defendants Lawson and Shortridge, on April 5, 2000, and received two six-month sentences, and two twelve-month sentences, all ordered to be served consecutively. On appeal, defendant presents six assignments of error, which raise three challenges to the trial court's sentence.
In his first two assignments of error, defendant contends the trial court erred when it imposed consecutive, rather than concurrent sentences. Ohio law provides trial courts with broad discretion when sentencing within the statutory guidelines. State v. Cassidy (1984),21 Ohio App.3d 100, 102. In order to lawfully impose consecutive sentences, a trial court must comply with the requirements of R.C.2929.14(E)(4). That section provides:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
In this case, the trial court made the following findings, which it set forth in the defendant's sentencing entry:
 The Court * * * finds that the consecutive sentences are necessary to protect the public from future crime and to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The Court further finds that:
 (1) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (2) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
However, in addition to being required to comply with the requirements of R.C. 2929.14(E)(4), R.C. 2929.19(B)(2) requires that the trial court "make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances: [I]f it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences." State v. Moss (Dec. 28, 1999), Franklin App. No. 99AP-30, unreported. (Emphasis added.) See, also, State v. Harper (Dec. 21, 2000), Franklin App. No. 00AP-23, unreported.
In this case, the trial court's sentencing entry contains a formulaic recitation of the factors set forth in R.C. 2929.14(E)(4). Moreover, even though the entry provides that the court "gave its finding and stated its reasons for the sentence as required by R.C. 2929.19(B)(2)(a), (b), (c), (d), and (e)," the record of the sentencing hearing fails to support this claim.
While the statutes do not require "rote incantations" of specific language, they do require the sentencing court, at a minimum, to indicate on the record the necessary findings. State v. Fitzmorris (Dec. 1, 1998), Franklin App. No. 98AP-340, unreported. Here, although the court made the initial factual findings, and although the record may well support the imposition of consecutive sentences for these offenses, the court did not adequately set forth its reasons for imposing the defendant's sentence.
In the absence of any reasons given, either oral or written, for imposing consecutive sentences, this matter must be remanded to the trial court for resentencing. Defendant's first and second assignments of error are therefore sustained.
In his third and fourth assignments of error, defendant claims the trial court violated his constitutional right to Due Process of Law in violation of the Fifth and Fourteenth Amendments to the United States Constitution, Sections 10 and 16, Article I, of the Ohio Constitution, as well as his right to confrontation in violation of the Sixth Amendment to the United States Constitution, and Section 10, Article I, of the Ohio Constitution. Defendant asserts two errors. First, defendant claims the trial court erred when it did not disclose or make the contents of the co-defendant's presentence report available to him. Second, defendant claims that the trial court impermissibly considered alleged hearsay contained within the report when sentencing the defendant. Both claims are without merit.
In response to defendant's first claim, the co-defendant's presentence report was filed and was part of the record well prior to the date of the defendant's sentencing. Consequently, defendant's declaration that the contents of that report were not available to him is completely without merit. Moreover, defendant patently fails to offer any authority in support of his claim that the trial court was obligated to compile and deliver this material to defense counsel. Quite simply, the report was available had defense counsel chosen to exercise due diligence, and there is no authority supporting the defendant's claim that the trial court violated his constitutional rights when it "failed" to provide him with this information.
Defendant's second claim is also easily dispatched. Therein, defendant contends that his "sentence was the direct result of the court's consideration of a co-defendant's hearsay." However, this is pure speculation. Even if the court had considered the report, defendant readily concedes that a court may consider hearsay evidence when determining a sentence. Accordingly, defendant's third and fourth assignments of error are overruled.
In his fifth and sixth assignments of error, defendant contends the trial court erred when it imposed a separate term of incarceration for trafficking, as well as for conspiracy to commit trafficking in drugs. Defendant argues that the offenses of trafficking and conspiracy to commit trafficking in drugs are allied offenses of similar import. Pursuant to R.C. 2941.25(A), if a defendant's actions "can be construed to constitute two or more allied offenses of similar import," the defendant may be found guilty of both, but may only be punished for one. The well-established test to be applied to such a claim is as follows: "If the elements of the crimes `correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import.'" State v. Rance (1999),85 Ohio St.3d 632, 636, quoting State v. Jones (1997), 78 Ohio St.3d 12,13.
Aligning the elements of trafficking against those of conspiracy to commit trafficking, we find that the two offenses are not allied. See Rance, supra, at 638-639. In order to commit the offense of trafficking, it is necessary for the defendant to have either sold or offered to sell a controlled substance. R.C. 2925.03(A). On the other hand, in order to commit the offense of conspiracy to commit trafficking, the defendant must have: (1) planned, or aided in planning the offense with one or more persons, or (2) agreed with another person to commit the underlying offense. R.C. 2923.01(A)(1) and (2).
Conspiracy must be planned with another person, while it is unnecessary for the underlying offense to be completed. On the other hand, trafficking requires only one individual, does not require any planning, but does require, in this case, the sale or offer to sell a controlled substance. Having compared the elements of the two offenses in the abstract, we find the commission of one will not necessarily result in the commission of the other. Under Rance, supra, the two offenses are therefore not allied offenses of similar import. Defendant's fifth assignment of error is therefore overruled.
In his sixth and final assignment of error, defendant contends that his conviction and sentence for conspiracy violates R.C. 2923.01(G), which provides:
 When a person is convicted of committing or attempting to commit a specific offense or of complicity in the commission of or attempt to commit the specific offense, he shall not be convicted of conspiracy involving the same offense.
In this case, the defendant was convicted of trafficking in marijuana on November 11, 1998 (Count 1), trafficking in cocaine on November 11, 1998 (Count 2), trafficking in cocaine on November 24, 1998 (Count 3), and conspiracy to commit trafficking in drugs on December 2, 1998, (Count 11). These are each separate offenses, and, thus, R.C. 2923.01(G) is inapplicable. Defendant's sixth assignment of error is accordingly overruled.
For the foregoing reasons, defendant's first and second assignments of error are sustained, and his third, fourth, fifth, and sixth assignments of error are overruled. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this cause is remanded to that court for resentencing.
 ____________________ PETREE, J.
DESHLER and McCORMAC, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.