OPINION
{¶ 1} Appellant, Charles Newman, Sr. ("Newman"), appeals from the judgment entered by the Ashtabula County Court of Common Pleas.
 {¶ 2} On November 3, 2000, a fire started in Newman's home. Four people died in this fire, including: Newman's wife, Stephanie; Stephanie's sister, Frances; and Newman's two children, Charles Jr., age four, and Matthew, age two.
 {¶ 3} In an indictment dated January 5, 2001, Newman was charged with five counts of aggravated arson. In addition, he was charged with fourteen counts of aggravated murder, all with specifications of aggravating circumstances. In October 2001, Newman pled guilty to four counts of aggravated murder and four counts of aggravated arson. In exchange for the guilty plea, the state moved to dismiss the remaining charges, and the motion was granted.
 {¶ 4} Newman was sentenced to ten years for each count of aggravated arson, to be served consecutively to each other. Newman was also sentenced to a term of life imprisonment on each count of aggravated murder, to be served consecutively to each other, but served concurrently with the sentences imposed for the aggravated arson convictions.
 {¶ 5} Newman raises the following assignment of error:
 {¶ 6} "The trial court failed to follow the requirements of R.C. 2929.11(B) and the appellant's sentence must be vacated."
 {¶ 7} Initially, we note that R.C. 2929.11 is not directly applicable to a sentence for aggravated murder.[1] Rather, R.C. 2929.03
sets forth the requirements for imposing a sentence for aggravated murder.[2]
 {¶ 8} However, Newman was also sentenced on four counts of arson, which is a first degree felony and, thus, subject to the requirements of R.C. 2929.11. Newman asserts that the trial court failed to ensure that his sentence was consistent with similar sentences imposed for similar crimes as required by R.C. 2929.11(B). Therefore, we will engage in an analysis to determine if the trial court complied with R.C. 2929.11.
 {¶ 9} Pursuant to R.C. 2953.08(G), a reviewing court will not disturb a defendant's sentence unless it finds, "by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law."[3]
 {¶ 10} We agree that a trial court is required to engage in the analysis set forth by R.C. 2929.11(B), to ensure the consistency of sentences. However, unlike certain provisions of R.C. 2929.14, which require the trial court to make specific findings on the record, R.C.2929.11 does not require this diligence.[4]
 {¶ 11} In the trial court's judgment entry, the court stated "[t]he court considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12." A review of the transcript of the sentencing hearing reveals that the trial court did, in fact, engage in the analysis required by R.C. 2929.11(B).
 {¶ 12} Newman has submitted the supplemental authority of Statev. Lyons.[5] In Lyons, the court held that it is the trial court's duty to ensure that it has the necessary information before it to comply with the sentencing statutes.[6] We agree. However, we note that a trial court has "broad discretion to determine the most effective way to comply with the purposes and principals of sentencing within the statutory guidelines."[7] We are aware of no requirement that a trial court needs to cite specific cases on the record when conducting the analysis required by 2929.11(B).
 {¶ 13} At the sentencing hearing, when sentencing Newman on the arson charges, the trial court stated:
 {¶ 14} "[I]t does seem to me that in a situation like this where you set fire to a house, a home in which you knew that there were four people sleeping at the time in which all four of those persons perished, I have to agree with the State that it is the worst form of the offense that I could imagine and for that purpose or for that reason rather, I am going to impose a sentence of ten years on each one of those counts."
 {¶ 15} This analysis shows that the trial court did compare the instant conduct to similar conduct by similar offenders, and found that it was the worst form of the offense. Moreover, we note that a similar offender, charged with aggravated murder and aggravated arson in an incident where only one victim died, received the death penalty.[8]
 {¶ 16} The trial court properly complied with R.C. 2929.11. Accordingly, Newman's assignment of error is without merit.
 {¶ 17} The judgment of the trial court is affirmed.
DONALD R. FORD and DIANE V. GRENDELL, JJ., concur.
[1] State v. Robinson (Dec. 14, 2001), 6th Dist. Nos. L-00-127 2, L-00-1384, and L-00-1392, 2001 Ohio App. LEXIS 5586, at *2-3.
[2] Id.
[3] State v. Fitzpatrick (Dec. 2, 2000), 11th Dist. No. 99-L-164, 2000 Ohio App. LEXIS 5608, at *13.
[4] State v. Bolton, 8th Dist. No. 80263, 2002-Ohio-4571, at ¶ 20.
[5] State v. Lyons, 8th Dist. No. 80220, 2002-Ohio-3424.
[6] Id. at ¶ 30.
[7] State v. Smith (June 11, 1999), 11th Dist. No. 98-P-0018, 1999 Ohio App. LEXIS 2632, at *8, citing State v. Cassidy (1984), 21 Ohio App.3d 100,102.
[8] See State v. Wilson (1996), 74 Ohio St.3d 381.