OPINION
{¶ 1} Defendant-appellant, Rigoberto S. Guzman, was indicted by the Franklin County Grand Jury on four counts, including: (1) trafficking in cocaine with a major drug offender specification, in that at least one kilogram of cocaine was prepared for shipment, in violation of R.C. 2925.03
and 2941.1410; (2) possession of the same cocaine in an amount equal to or exceeding one kilogram, and a corresponding major drug offender specification based on possession of at least one gram of cocaine, in violation of R.C. 2925.11 and 2941.1410; and (3) two complicity counts based on the same alleged activity.
 {¶ 2} Appellant filed two motions to suppress evidence and, after a hearing, the trial court overruled both motions. Appellant then pled guilty to Count 1, trafficking in cocaine, without the major drug dealer specification and to attempted possession of cocaine, as a stipulated lesser-included offense of Count 2, without the major drug offender specification. The trial court entered a nolle prosequi as to Counts 3 and 4.
 {¶ 3} Prior to sentencing, appellant filed a motion to withdraw his guilty plea. The trial court held a hearing but overruled the motion. Appellant was sentenced to consecutive periods of incarceration for a total of 15 years. He was also fined $10,000 and ordered to serve five years of post-release control.
 {¶ 4} Appellant filed a notice of appeal and raises the following assignments of error:
I. The trial court abused its discretion in refusing to grant appellant's pre-sentence motion to withdraw his guilty plea.
II. The trial court erred in overruling appellant's motion to suppress evidence, after appellant was arrested without probable cause, in violation of theFourth Amendment of the United States Constitution and Article I, § 14 of the Ohio Constitution.
III. The trial court failed to adequately explain its findings in sentencing appellant to maximum and consecutive prison terms.
IV. Appellant was deprived of the effective assistance of counsel by counsel's failure to object to multiple sentences for allied offenses of similar import, in violation of R.C. 2941.25 and the Double Jeopardy Clauses of the United States and Ohio Constitutions.
V. The trial court committed plain error by entering judgments of conviction and sentencing appellant to consecutive prison terms for allied offenses of similar import, in violation of R.C. 2941.25 and the Double Jeopardy Clauses of the United States and Ohio Constitutions.
VI. The trial court violated appellant's rights under the Confrontation and Due Process Clauses of the Sixth
and Fourteenth Amendments of the United States Constitution, and Article I, § 10 of the Ohio Constitution, and also violated Criminal Rule 43(A), when it considered evidence from the co-defendant's trial, of which appellant was not a party, in sentencing appellant.
 {¶ 5} The charges against appellant arose out of events occurring on May 19-20, 2002. Detective Michael Johnson testified at the suppression hearing that, in the afternoon of May 19, he received a tip from a confidential informant that Jose Pena, a substantial cocaine trafficker, was receiving a big drug shipment that evening. Pena was working with one or more Mexicans and coordinating a shipment of cocaine from Arizona. Another confidential informant told Johnson that he had purchased cocaine from Pena in the previous month. Johnson watched Pena all afternoon. At approximately midnight, Pena left his house in a silver Nissan Maxima. Johnson lost sight of him, so he drove to the Interstate 270 and Roberts Road area where he believed the drug transaction was to take place. Johnson saw the Maxima in front of the Waffle House. A white semi trailer with Arizona license plates was parked behind the Waffle House and a man, later identified as Christopher Luty, was pacing nervously in front of the truck. Pena and appellant were inside the Waffle House and another police officer saw Pena on a cell phone. Then Pena and appellant got back into the Maxima and drove behind the Waffle House. By the time Johnson arrived behind the building, he saw the Maxima parked near the truck and Luty had a large suitcase and appellant was just closing the trunk of the Maxima. Johnson believed a drug transaction had just taken place and followed the Maxima as it drove away. Johnson stopped the Maxima, which appellant was driving. Pena exited the vehicle and fled on foot and was found approximately one hour later. When the police officers stopped appellant, he was removed from the car, placed on the ground and handcuffed. Nothing was found inside the trunk of the car. Johnson then ran back approximately 100 yards to the truck, knocked on the door and removed Luty from the truck. When Johnson looked inside the truck, there were 23 kilos of cocaine on the sleeper bunk. Johnson also observed a screwdriver and screws on the seat. After the truck was impounded, it was ascertained that another 9 kilos of cocaine were hidden in the ceiling. Johnson testified that it was approximately one minute or one and one-half minutes between the time appellant was stopped and the time Johnson saw the cocaine in the truck.
 {¶ 6} By the first assignment of error, appellant contends that the trial court abused its discretion in refusing to grant appellant's pre-sentence motion to withdraw his guilty plea. While a pre-sentence motion to withdraw a guilty plea should be "freely and liberally granted," a defendant does not have an absolute right to withdraw a plea prior to sentencing. State v. Xie (1992), 62 Ohio St.3d 521, 527. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis to withdraw the plea. Id., at paragraph one of the syllabus. The decision to grant or deny the motion is within the discretion of the trial court. Id., at paragraph two of the syllabus. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 7} In State v. Peterseim (1980), 68 Ohio App.2d 211, the Cuyahoga County Court of Appeals stated that a trial court does not abuse its discretion in overruling a motion to withdraw a guilty plea if: (1) the defendant is represented by highly competent counsel; (2) the defendant was given a full hearing pursuant to Crim.R. 11 before entering the plea; (3) after the motion to withdraw was filed, the defendant is given a complete and impartial hearing on the motion; and (4) the record reveals that the trial court gave full and fair consideration to the request. The record indicates that all of these conditions were met in this case.
 {¶ 8} In his written motion, appellant provided no reasons for withdrawing his plea but did present two reasons at the hearing, including that he did not understand the proceedings when he signed the guilty plea because the form was written in English and he only speaks Spanish, and also that he was innocent.
 {¶ 9} Appellant's counsel retained an interpreter who testified at the hearing on the motion to withdraw the guilty plea. She stated that she was present during appellant's guilty plea hearing and she believed that the court interpreter paraphrased the judge and did not provide a complete translation. Appellant also testified that he did not understand the guilty plea form. The court interpreter who had interpreted the guilty plea hearing testified that he had interpreted the proceedings and he was confident that appellant understood everything that happened that day.
 {¶ 10} The trial court also extensively questioned appellant through the interpreter during the hearing on his motion to withdraw. The trial court asked appellant whether he had understood during the plea hearing that he was giving up rights and that he could be sentenced to 15 years in prison, that he could have had a jury trial, that he could have testified or remained silent, that he could have had witnesses testify and he could have appealed an adverse ruling. Appellant answered affirmatively that he understood all the questions.
 {¶ 11} The interpreter hired by defense counsel testified that she spent approximately 45 minutes with appellant in the holding cell discussing and interpreting the plea form and appellant told her that he understood. She also testified that, at no time, had appellant told her he did not understand the proceedings.
 {¶ 12} Appellant has failed to demonstrate that the trial court abused its discretion in overruling his motion to withdraw his guilty plea. Appellant was represented by competent counsel and was afforded a full hearing before he entered his plea. Appellant was also afforded a full hearing on the motion to withdraw, at which appellant stated he understood the rights he had waived. Both interpreters testified that appellant understood the proceedings. The trial court considered the evidence. A defendant is not entitled to change his plea merely because he changed his mind, even prior to sentencing. State v. Lambros (1988),44 Ohio App.3d 102. Appellant's first assignment of error is not well-taken.
 {¶ 13} By the second assignment of error, appellant contends that the trial court erred in overruling appellant's motion to suppress evidence, after appellant was arrested without probable cause, in violation of the Fourth Amendment of the United States Constitution, and Section 14, Article I, of the Ohio Constitution. It is well-settled that a guilty plea constitutes a waiver of alleged errors by the trial court in not suppressing evidence. State v. Elliott (1993), 86 Ohio App.3d 792. Appellant's second assignment of error is not well-taken.
 {¶ 14} By the third assignment of error, appellant contends that the trial court failed to adequately explain its findings in sentencing appellant to maximum and consecutive prison terms. During sentencing, the trial court stated the following:
THE COURT: Mr. Guzman, the amount of drugs involved in this case is in my experience the largest amount of cocaine that's ever come in Franklin County, Ohio. It is very clear to me that you are a major player in this operation; not only this operation but organized criminal operation emanating from Mexico to the United States. And the basis of your operation is to do as much harm that you can possible do to the citizens of the United States of America.
I'm going to make a finding that you are what the court considers the worst form offender that poses the greatest likelihood of committing future crime.
I'm also going to find that the shortest prison term would demean the seriousness of your conduct and would not adequately protect the public from future crime.
On the felony one charge, you're going to get a sentence of ten years in the state penitentiary. On the felony three charge, you're going to get a sentence of five years in the state penitentiary. And those sentences are going to run consecutive with each other. Consecutive sentences are set forth in this case because they are necessary to protect the public from future crime and are necessary to punish you and they are not disproportionate to the seriousness of your conduct and the danger you pose to the public.
* * *
THE COURT: I'm also going to find that the harm caused by the multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of this offense.
Also, I have reviewed all of the testimony from the trial which dealt with your conduct in this organized criminal activity. And I'm also going to find that based upon all of that information, your history of criminal conduct dealing with this organized activity demonstrates that consecutive sentences are necessary to protect the public from future crime.
(Tr. Vol. IV, at 19-20.)
 {¶ 15} Appellant contends that the trial court erred in failing to give its reasons for imposing both maximum and consecutive prison terms. The version of R.C. 2929.14(B), in effect at the time of the offense, provided that, if an offender has not previously served a prison term, the court shall impose the shortest term authorized for the offense unless it finds that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender. In the recent Supreme Court of Ohio case, State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, the court found that the record of the sentencing hearing must reflect that the trial court made oral findings that either or both of the two statutorily sanctioned reasons for exceeding the minimum prison term warranted the longer sentence.
 {¶ 16} In the syllabus of State v. Edmonson (1999),86 Ohio St.3d 324, the Supreme Court of Ohio stated that R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence. In this case, the trial court did find on the record that the shortest prison term would demean the seriousness of appellant's conduct and would not adequately protect the public from future crime. Appellant also argues that the trial court was required to find that appellant's conduct met one of the conditions justifying a maximum sentence under R.C. 2929.14(C); however, R.C. 2929.14(B) and (C) are mutually exclusive. State v. Evans, Franklin App. No. 02AP-230, 2002-Ohio-6559.
 {¶ 17} Appellant also contends that the trial court erred in imposing consecutive sentences. The applicable version of R.C.2929.14(E)(4) requires the trial court to find that "consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds[,]" as applicable to this case, that "[t]he offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." In Comer, the Supreme Court of Ohio stated that, when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give its reasons supporting those findings at the sentencing hearing.
 {¶ 18} In this case, the trial court found that the amount of drugs involved was one of largest amounts of cocaine to come into Franklin County. The trial court also stated that consecutive sentences were appropriate because they were necessary to protect the public from future crime and are necessary to punish appellant, and were not disproportionate to the seriousness of appellant's conduct and the danger he poses to the public. Finally, the trial court found that the harm caused by the multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of this offense. After reviewing the testimony from Pena's trial, the trial court concluded that appellant was a major player in the organized crime activity emanating from Mexico and his history of criminal conduct dealing with this organized activity demonstrated that consecutive sentences are necessary to protect the public from future crime. Thus, the trial court made the necessary findings required by statute. The trial court also provided its reasons, finding that appellant was a major player in the drug activity emanating from Mexico and he posed a risk of future crime. Appellant's third assignment of error is not well-taken.
 {¶ 19} By the fourth assignment of error, appellant contends that he was deprived of the effective assistance of counsel by counsel's failure to object to multiple sentences for allied offenses of similar import, in violation of R.C. 2941.25 and the Double Jeopardy Clauses of the United States and Ohio Constitutions.
 {¶ 20} R.C. 2941.25, Ohio's allied offense statute, protects against multiple punishments for the same criminal conduct which could violate the Double Jeopardy Clauses of the United States and Ohio Constitutions. R.C. 2941.25 provides, as follows:
(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where this conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
 {¶ 21} In State v. Rance (1999), 85 Ohio St.3d 632, 638, the Supreme Court of Ohio clarified the R.C. 2941.25(A) analysis and determined that the statutorily defined elements of offenses are compared in the abstract to determine if they correspond to such a degree that the commission of one crime will result in the commission of the other crime. If the elements so correspond, the defendant may not be convicted of both unless the court finds that the defendant committed the crimes separately or with a separate animus.
 {¶ 22} Appellant pled guilty to trafficking in cocaine and to attempted possession of cocaine. R.C. 2925.03(A)(2) defines trafficking and provides, as follows:
(A) No person shall knowingly do any of the following:
* * *
(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person.
 {¶ 23} Appellant also pled guilty to attempted possession of cocaine. Possession is defined in R.C. 2925.11(A) and provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance." R.C. 2923.02 is the attempt statute and provides that "[n]o person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense." In comparing these statutorily defined elements, they do not correspond to such a degree that the commission of one crime will result in the commission of the other crime. It is possible to attempt to possess cocaine without preparing it for shipment, shipping, transporting or delivering or preparing it for distribution or distributing it. Since the elements of the offenses do not correspond to such a degree that the commission of one crime will result in the commission of the other crime, they are not allied offenses and appellant's counsel was not ineffective for failing to object to multiple sentences for allied offenses of similar import. Appellant's fourth assignment of error is not well-taken.
 {¶ 24} By the fifth assignment of error, appellant contends that the trial court committed plain error by entering judgments of conviction and sentencing appellant to consecutive prison terms for allied offenses of similar import, in violation of R.C. 2941.25 and the Double Jeopardy Clauses of the United States and Ohio Constitutions. As addressed in the fourth assignment of error, these offenses are not allied offenses of similar import and the trial court did not err by entering judgments of conviction and sentencing appellant to consecutive prison terms. Appellant's fifth assignment of error is not well-taken.
 {¶ 25} By the sixth assignment of error, appellant contends that the trial court violated appellant's rights under the Confrontation and Due Process Clauses of the Sixth and Fourteenth Amendments of the United States Constitution, and Section 10, Article I, of the Ohio Constitution, and also violated Crim.R. 43(A), when it considered evidence from the co-defendant's trial, of which appellant was not a party, in sentencing appellant. The United States Supreme Court recognized, in Williams v. People of State of New York (1949),337 U.S. 241, 246, that courts have long practiced a policy in which they could exercise "a wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punishment to be imposed within limits fixed by law." In Williams, the court stated that the rules of evidence and the same due process rights as afforded a defendant in the guilt phase do not apply in the sentencing phase and a judge has discretion to consider out-of-court information. Id. The Ohio Rules of Evidence set forth that the rules are not applicable to sentencing hearings. See Evid.R. 101(C)(3). A trial court may even consider information during the sentencing hearing that may have been inadmissible at trial. State v. Cassidy (1984), 21 Ohio App.3d 100, 101, citing State v. Davis (1978), 56 Ohio St.2d 51. "At sentencing the court is not concerned with the guilt or innocence of the defendant, but rather with imposing an appropriate sentence based upon the seriousness of the crime committed and the character of the defendant." Cassidy, at 101, citing State v. Barker (1978), 53 Ohio St.2d 135, 150-151. Thus, the trial court has wide discretion to consider information, to gather facts concerning the circumstances of the offense and the defendant's character and to determine an appropriate sentence. In this case, the trial court considered a portion of the transcript of co-defendant Pena's trial. The trial court did not err in considering information that was relevant to the circumstances surrounding the offense. Also, the testimony at trial was similar to the testimony at appellant's suppression hearing. Appellant's sixth assignment of error is not well-taken.
 {¶ 26} For the foregoing reasons, appellant's six assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
KLATT and DESHLER, JJ., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.