THE STATE OF OHIO, APPELLEE, *v.*
WILLIAMS, APPELLANT.

(No. 1-81-15—Decided March 26, 1982.)

*Mr. David E. Bowers,* prosecuting attorney, and *Mr. Brad Roush,* for appellee.

*Mr. William H. White,* for appellant.

MILLER, J. This is an appeal from a judgment of conviction and sentence entered by the Court of Common Pleas of Allen County.

Defendant-appellant, Willie K. Williams, was jointly indicted with two others, the indictment charging that they "did jointly in committing a theft offense as defined in Section 2913.01 of the Ohio Revised Code, have a deadly weapon as defined in Section 2923.11 of the Ohio Revised Code, on or about their person or under their control; in violation of the Ohio Revised Code, Section 2911.01 (A)(1) * * *."

Generally, the evidence indicated that the owner and an employee of Gino's Pizza in Lima, Ohio, were, on December 3, 1980, preparing to close the establishment. A regular customer entered the establishment, bought a pack of cigarettes and, at the suggestion of the owner, signed for a give away which the store was holding. The customer "was kind of nervous." A second customer entered the store, ordered a pizza, gave the owner a twenty-dollar bill and left stating that he would be back in twenty minutes to pick up the pizza. The owner made change in the amount of seven dollars and some cents and laid it on the cash register.

Another person then entered the back of the store who "had like a pair of pantyhose and stocking cap on his head" and stood looking in a two-way mirror near the rear of the store. It later appeared that he was armed with a knife. The employee then placed a bag containing the night deposit on a shelf beneath the counter.

At that point another individual

entered the back door holding a gun at arm's length demanding the bag of money.

A scuffle ensued with the first person who entered from the back of the store obtaining the change on the cash register together with the money bag, and then fleeing.

The owner and employee ultimately removed the gun from the other alleged robber whereupon he fled from the store with the owner in pursuit.

The police were notified of the robbery by the employee and an officer, while en route to the store, observed the owner pursuing an individual across a street near the store. He stopped his vehicle and the owner yelled, "that guy just robbed me."

The officer placed the individual under arrest and the owner gave the officer a gun, stating "this is the gun he robbed me with."

A short time later the officer turned the individual over to two other officers for transportation to the jail.

In the meantime two other officers observed an automobile occupied by two men near the vicinity of the store which they stopped and in which they observed a money bag on the front floor and a knife on the rear floor. The money bag was later identified as being the one stolen from the store and the knife as being like the one used in the robbery. The occupants were identified as the regular customer of the store and the robber with the knife.

Defendant was identified at trial by the owner and employee of the store as one of the robbers and by the officers as the person they had taken from the scene on the night of the robbery.

Defendant contended that he was not involved in a robbery although he was in the vicinity of the store on that night and that the owner upon observing him did in fact chase him as asserted.

Defendant in his appeal sets forth five assignments of error.

Assignment of Error No. 1: "The Court entered into evidence certain inadmissible items."

Defendant first asserts that the .25 caliber automatic gun should not have been admitted in that it was not properly identified and that the chain of custody was questionable.

Both the owner and the employee of the store identified the weapon as that used in the robbery and the chain of evidence was indicated as having been from the robber to the owner and employee and from the owner to the arresting officer who returned it to the police station where it was initialed, dated, tagged and entered into the property book and identified by the officer at trial.

We find no prejudicial error on the part of the trial court in entering the gun in evidence.

Defendant also asserts error in the admission of photostatic copies of the money purportedly taken from the store in the robbery in that the copies were not the best evidence.

Evid. R. 1003 provides that a duplicate is admissible in evidence to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original, or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original.

The Staff Note to the rule provides as pertinent that:

"* * * With but limited exceptions the rule treats a 'duplicate' as the equivalent of an 'original' and hence as the best evidence. * * *

"* * *

"However, objection may be raised to the introduction of the duplicate as the best evidence, but the objection must be something more than a frivolous objection.

"First, pursuant to Rule 1003, a party may object to the introduction of a duplicate if he raises a 'genuine question

\* \* \* as to the authenticity of the original.' \* \* \*

"Second, a party may object to the introduction of a duplicate if it would be 'unfair' to admit the duplicate in lieu of the original. \* \* \*"

Although the rule would appear more appropriate in areas of duplicated documents, since the error contended herein is a violation of the "best evidence rule" we conclude that the duplicates were admissible under Evid. R. 1003 and that no prejudicial error resulted in their admission.

The first assignment of error is not well-taken.

Assignment of Error No. 2: "The trial court permitted the State to introduce improper and inflammatory evidence."

This assignment of error is directed to the testimony of the employee of Gino's Pizza who was permitted to testify that a blow to his nose by the robber with a gun "broke the bones on one side and pushed it over and there's a pinched nerve down below my eye" and that it would require surgery to rebreak it, set it and pack it.

A trial court enjoys broad discretion in admitting evidence and will be reversed only for an abuse of that discretion whereby the defendant has suffered material prejudice. *State* v. *Long* (1978), 53 Ohio St. 2d 91, 98 [7 O.O.3d 178], and *State* v. *Hymore* (1967), 9 Ohio St. 2d 122, 128 [38 O.O.2d 298], certiorari denied, 390 U.S. 1024.

Defendant herein denied being involved in the robbery at all and it was not materially prejudicial to such a position to permit testimony by the employee as to his injuries.

The second assignment of error is not well-taken.

Assignment of Error No. 3: "The trial court erred in permitting certain hearsay testimony."

We first observe that defendant's assignment of error and argument thereunder are general in nature, make no reference to the record and appear to be violative of Local Rule 7 of this court.

However, we have considered the testimony of Officer Whitney and of Officer Sarchet. We find that any claimed error in Officer Whitney's testimony was invited error in that the testimony in question arose on re-direct after having been first raised on cross-examination. We further find that the testimony of Officer Sarchet concerned a Mr. Jackson and only identified him as one of the best customers of Gino's Pizza and as having been in the establishment moments before the robbery when "he purchased a lottery ticket and left."

Some discretion must be left to the trial court in the admission of evidence and, unless the admission of such evidence is prejudicially erroneous, should not be disturbed. See Assignment of Error No. 2 above.

Assignment of Error No. 4: "It was improper for the trial court to sentence Defendant-Appellant [to] 7-25 years."

Defendant was convicted of aggravated robbery, a felony of the first degree which, by the provisions of R.C. 2929.11 (B)(1), is subject to imprisonment for a minimum term of four, five, six, or seven years and a maximum term of twenty-five years.

Generally, the severity of a sentence imposed in conformity to the law by a trial court rests in the discretion of that court and is not a matter with which the reviewing court can interfere. 26 Ohio Jurisprudence 3d 95-98, 99, Criminal Law, Section 412.

See, also, *Toledo* v. *Reasonover* (1965), 5 Ohio St. 2d 22 [34 O.O.2d 13].

It was indicated at sentencing that defendant had been twice previously convicted of aggravated robbery which remains unrefuted.

We find no abuse of discretion on the part of the trial court in imposing the maximum sentence of seven to twenty-five years.

The fourth assignment of error is not well-taken.

Assignment of Error No. 5: "The verdict of the Court is against the manifest weight of the evidence."

"A reviewing court will not reverse a jury verdict where there is substantial evidence upon which a jury could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt." *State* v. *Eley* (1978), 56 Ohio St. 2d 169 [10 O.O.3d 340].

A careful reading of the transcript of proceedings herein indicates to this court that there was substantial evidence before the jury from which it could conclude beyond a reasonable doubt that the crime occurred and that defendant was involved and that while committing or attempting to commit a theft offense, *i.e.,* by exerting or attempting to exert control over property by depriving the owner of such property by threat, he had a deadly weapon, to wit, a .25 caliber semi-automatic pistol, on or about his person.

The fifth assignment of error is not well-taken.

Finding no error prejudicial to defendant as assigned and argued we affirm the trial court's judgment.

*Judgment affirmed.*

COLE, P.J., and GUERNSEY, J., concur.