Joseph Letts was found guilty of one count of Aggravated Murder and four counts of Aggravated Robbery following a jury trial. Each of the charges contained a firearm specification. The trial court sentenced Letts to life imprisonment on the aggravated murder charge. That sentence was to run consecutively to two concurrent ten to twenty-five year terms which the court imposed for aggravated robbery. Those indefinite sentences were in turn to run consecutive to two more concurrent ten to twenty-five year terms for aggravated robbery. Additionally, the court merged all of the firearm specifications and imposed one consecutive three year term of actual incarceration.
On direct appeal, this court vacated Lett's conviction on the aggravated murder charge based upon insufficient evidence. We affirmed Letts' conviction on the four counts of aggravated robbery and remanded the case back to the trial court for resentencing. State v. Letts (June 13, 1997), Montgomery App. No. 15681, unreported.
Prior to resentencing, Letts filed motions in the trial court seeking merger of all four aggravated robbery counts, resentencing pursuant to the new sentencing guidelines enacted by S.B.2, dismissal of all of the firearm specifications, and leave to file a motion for a new trial. The State responded with memorandums opposing all of Letts' motions. In addition, both parties filed sentencing memorandums.
On January 30, 1998, the trial court summarily overruled Letts' pending motions. The court then reimposed the same sentences it had originally imposed on the aggravated robbery charges, finding that it would be "inappropriate to either increase or decrease those sentences." The court's reimposition of those sentences was journalized by entry filed February 3, 1998.
Joseph Letts has now timely appealed to this court, challenging the sentences imposed upon him by the trial court.
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ABUSED ITS DISCRETION BY ORDERING THE EXCESSIVE SENTENCE IMPOSED IN THIS CASE.
Letts argues that the trial court abused its discretion when, upon remand from this court for resentencing, the trial court imposed maximum consecutive sentences upon him. Letts suggests that the maximum sentences were imposed by the trial court in retaliation for Letts exercising his right to a jury trial. In order to support that allegation, Letts asserts that his sentence on the aggravated robbery charges was more severe than that of his other co-defendants, including the principal offender in this shooting. Letts claims that the only other co-defendant who received a similar sentence as harsh as his likewise exercised her right to trial.
A trial court has broad discretion in selecting an appropriate sentence within statutory limits, Toledo v.Reasonover (1965), 5 Ohio St.2d 22; State v. Williams (1982),7 Ohio App.3d 160, and its decision in such matters will not be disturbed on appeal absent a showing that the court abused its discretion. An abuse of discretion connotes more than a mere error of law or an error in judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court. State v. Adams (1980), 62 Ohio St.2d 151.
An examination of the record in this case reveals nothing which supports Letts' assertion that he received the maximum sentence in retaliation for going to trial. Co-defendant Lashawnna Keeney, the principal offender in the shooting, entered a plea of guilty to aggravated murder and three counts of aggravated robbery in exchange for the State's agreement to dismiss two counts of aggravated robbery. Keeney was sentenced to life, consecutive to three concurrent ten to twenty-five year terms, consecutive to three years of actual incarceration.
Co-defendant Angela Thuman entered a guilty plea to aggravated murder and three counts of aggravated robbery in exchange for the State's agreement to dismiss two counts of aggravated robbery and a firearm specification. Thuman was sentenced to life, consecutive to three concurrent six to twenty-five year terms.
The sentence imposed upon co-defendant Tyra Patterson was identical to the sentence imposed upon Joseph Letts.
Unlike the cases on which Letts relies, the record before us does not demonstrate that the trial court was involved in plea bargaining in Letts' case, or that a more severe sentence followed after plea negotiations broke down.
The trial judge in this case specifically rejected the idea of altering Letts' original sentence for aggravated robbery upon remand from this court. At the time the court imposed that original sentence, it reviewed a pre-sentence report and considered the relevant statutory sentencing criteria. The trial court was not obligated to order another report for purposes of resentencing. Moreover, this record does not affirmatively demonstrate that the trial court refused to consider any relevant sentencing criteria in R.C. 2929.12, or that it considered legally improper factors in imposing sentence. In short, this record does not demonstrate that the trial court abused its discretion, as that term is defined by law, in imposing the maximum sentence on Letts on the aggravated robbery charges.
The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR LEAVE TO FILE A MOTION FOR NEW TRIAL.
Letts filed a motion for leave to file a motion for a new trial. According to Letts, he was deprived of a fair trial on the aggravated robbery charges because those robbery charges were tried together with an "unfounded charge" of aggravated murder which this court determined on direct appeal was not supported by legally sufficient evidence. See State v. Letts
(June 13, 1997), Montgomery App. No. 15681, unreported.
Letts filed his motion seeking a new trial after we remanded this case back to the trial court for resentencing, but before the trial court could comply with our mandate and resentence Letts. This court ordered Letts resentenced after we set aside his aggravated murder conviction on direct appeal because the evidence presented at trial was legally insufficient to sustain a conviction on that particular charge. However, we affirmed Letts' conviction on all four counts of aggravated robbery. It is abundantly clear from our opinion in the direct appeal that our remand of this case to the trial court had a very limited purpose: to resentence Letts absent the aggravated murder conviction.
In accordance with the law of the case doctrine, trial courts have no discretion to disregard the mandate of a reviewing court, and they have no authority to extend or vary the mandate given. Nolan v. Nolan (1984), 11 Ohio St.3d 1. Ohio courts have consistently followed Nolan and found reversible error when the trial court exceeds the scope of its authority upon remand of the case from a reviewing court. Thomas v. Thomas (December 12, 1997), Greene App. No. 97-CA-10, unreported.
It is manifestly clear from our remand that the trial court was to do no more than resentence Letts, absent the aggravated murder conviction. Had the trial court elected on remand to grant Letts' motion for a new trial on the aggravated robbery charges, that action would have been wholly inconsistent with our decision affirming those robbery convictions, and would have exceeded the permissible scope of the trial court's authority on remand.
The second assignment of error is overruled.
THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE FIREARM SPECIFICATION.
The trial court overruling Lett's motion to dismiss the firearm specifications in this case. Although acknowledging that an unarmed accomplice may be convicted of a firearm specification, State v. Chapman (1986), 21 Ohio St.3d 41, Letts argues that it is unfair to convict him of a firearm specification when the evidence fails to demonstrate that he was even aware that a firearm was present at the crime scene. In essence, Letts complains that the evidence presented at trial was insufficient to sustain his conviction on the firearm specification.
Clearly, Letts could have raised this issue on direct appeal from his conviction, but he failed to do so. Under res judicata
principles, Letts cannot utilize our remand of this case to the trial court for purposes of resentencing only in order to raise this issue for the first time.
Moreover, as with his motion seeking a new trial, Letts filed his motion seeking a dismissal of the firearm specifications after we decided his direct appeal and remanded the case back to the trial court for resentencing only. For the reasons discussed under the second assignment of error, we conclude that the trial court lacked authority to grant Letts' motion to dismiss the firearm specifications as that action would have been inconsistent with our decision and would have exceeded the scope of the trial court's authority on remand.
The third assignment of error is overruled.
FOURTH ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN REFUSING TO RESENTENCE APPELLANT UNDER THE NEW SENTENCING PROVISIONS OF AM.SUB.S.B. NO. 2.
In this assignment of error Letts argues that even though his offenses were committed before July 1, 1996, the effective date of Am.Sub.S.B.2, because he was resentenced by the trial court following remand from this court after that date, he was entitled to be resentenced pursuant to the new law.
This assignment of error is overruled on the authority ofState v. Rush (1998), 83 Ohio St.3d 53.
 Conclusion
Having overruled all of the assignments of error, the judgment of the trial court will be affirmed.
BROGAN, J. And YOUNG, J., concur.
Copies mailed to:
Carley J. Ingram, Esq. D.K. Wehner, Esq. Hon. Barbara Pugliese Gorman