DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, following a jury trial, in which appellant, Tyrone Johnson, was found guilty of Illegal Possession of a Firearm in a Liquor Permit Premises, in violation of R.C. 2923.121; an attached firearm specification, in violation of R.C. 2941.145; and Having a Weapon While Under Disability, in violation of R.C. 2923.13(A)(3). For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On appeal, appellant sets forth the following three assignments of error:
 {¶ 3} "Appellant-Defendant was irreparably harmed by the admission of irrelevant and highly prejudicial testimony.
 {¶ 4} "Defendant-Appellant's convictions are not supported by sufficient evidence and are therefore a denial of due process.
 {¶ 5} "Defendant-Appellant's convictions are against the manifest weight of the evidence."
 {¶ 6} On November 16, 2000, appellant and a female companion entered Hughley's bar on Locust Street in Toledo. While appellant was in the bar, he engaged in an argument with another bar patron. Appellant then left the building. Shortly thereafter, several shots were fired outside the bar. When police arrived to investigate the shooting incident, they found spent shell casings on the sidewalk outside the bar and several apparent bullet holes in the window sill of the building.
 {¶ 7} Appellant was identified as the individual who fired shots outside of Hughley's. When appellant was subsequently interviewed by police, he admitted being inside Hughley's bar on November 16, 2000, and having a .380 caliber weapon on his person at that time. Appellant also told police he fired a .380 caliber weapon outside a bar at the corner of Prospect and Detroit Avenue in Toledo, two days after the shooting incident at Hughley's.
 {¶ 8} In December 2000, the Lucas County Grand Jury indicted appellant on one count each of improperly discharging a firearm at or into a habitation or school in violation of R.C. 2923.161,
 {¶ 9} illegal possession of a firearm in a liquor permit premises in violation of R.C. 2923.121, and having a weapon while under disability in violation of R.C. 2923.13(A)(3). Appellant was later indicted on an additional charge of felonious assault. The charge of discharging a weapon into a habitation or school was later dropped from the original indictment, and the two indictments were combined for purposes of trial.
 {¶ 10} On January 4, 2001, appellant entered a plea of not guilty to all of the charges. At that time, appellant told the trial court that he wished to represent himself, and the court appointed counsel to assist in appellant's defense. Thereafter, at all times relevant to this appeal, appellant was represented by appointed counsel.
 {¶ 11} On March 12, 2001, a jury trial was held at which testimony was presented by Toledo Police Patrolmen Dan Gerken and Thomas Morelli, Detectives Brian Twining, Chad Culpert, Andre Woodson and James Scott, Toledo Police forensic technician Dave Cogan, and Andreas Ladd. Patrolmen Gerken and Thomas testified at trial that they responded to a reported shooting at Hughley's bar in the early morning hours on November 16, 2000. Gerken testified that he identified and marked the location of three spent shell casings on the sidewalk outside the bar. Morelli testified that he recovered one bullet fragment from the window sill.
 {¶ 12} Detective Twining testified that appellant was convicted for possession of crack cocaine on June 26, 2000. At that point, the defense stipulated to appellant's prior drug conviction, on the condition that the record of that conviction, which also included a conviction for carrying a concealed weapon, would not be given to the jury.
 {¶ 13} Detective Culpert testified that he took photographs of Hughley's bar after the shooting and collected physical evidence at the scene, including three spent shell casings and fragments of a copper jacket and lead bullet that were taken from a hole in the window sill. Culpert further testified that all three shell casings had been fired from a .380 caliber semi-automatic weapon.
 {¶ 14} Detective Woodson testified that he interviewed witnesses at Hughley's after the shooting and, based on the information he received, compiled a photo array of six pictures. Woodson stated that both Hughley's doorman, Andreas Ladd, and the barmaid, Sonia Jones, identified appellant as a suspect after viewing the photo array. Woodson further stated that, based on Ladd's and Jones' identifications, appellant was brought to the Scott Park police station for interrogation.
 {¶ 15} Woodson testified that, during the interrogation, appellant admitted having a .380 caliber weapon inside Hughley's bar, which he described as being "black with silver." Woodson testified that appellant also admitted having an argument with several males and a female while in the bar. He stated that, although most of the interrogation was recorded on videotape, the tape ran out before appellant made any admissions concerning the weapon. Woodson further stated that, during the interview, he told appellant events inside the bar were recorded by security cameras; however, to the best of Woodson's knowledge, no recording was made on November 16.
 {¶ 16} Detective Scott testified that he also interviewed appellant at the Scott Park station, and that appellant said he had a gun at Hughley's bar. Scott stated that appellant was unsure as to whether the gun was a .380 or a .32 caliber weapon, and that appellant described it as black with a "little bit of silver."
 {¶ 17} Andreas Ladd testified at trial that he is the doorman, janitor and security guard for Hughley's bar; however, he was officially off duty on November 16 and was at the bar that night for purely social reasons. Ladd further testified that the metaldetectors at Hughley's were not being used on November 16 because no one was there to operate them. He stated that he saw appellant and a female companion enter the bar, after which a dispute arose between appellant and another patron. Ladd further stated that he saw appellant take a gun from his female companion before he left the bar.
 {¶ 18} Ladd testified that after appellant left Hughley's he looked through the window and saw appellant fire several shots at the bar. Ladd stated that he was able to pick appellant out of the photo array as the person who shot at the bar.
 {¶ 19} Detective Scott was then recalled to testify, over appellant's objection, that he investigated a shooting at the corner of Prospect and Detroit Avenue in Toledo on November 18, two days after the shooting incident at Hughley's. Scott testified that, during his interrogation, appellant told Scott he fired a gun at the corner of Prospect and Detroit Avenue on November 18, 2000. Scott further testified that a .380 caliber shell casing was recovered as a result of the investigation of the Prospect and Detroit shooting. He stated that appellant was not charged with any crime as a result of that incident. On cross-examination, Scott stated that a .32 caliber weapon was recovered from the Prospect and Detroit site, and that when
 {¶ 20} appellant admitted that shooting to Scott, he was unsure as to whether the gun he used was a .32 or .380 caliber weapon.
 {¶ 21} Dave Cogan testified that he analyzed the three .380 caliber shell casings recovered from outside Hughley's bar and the one .380 caliber casing recovered from the site at Prospect and Detroit. Cogan stated that, based on both macroscopic and microscopic analysis of the four spent casings, he determined that all the shells were fired from the same weapon. On cross-examination, Cogan testified that, although he could not tell when the shells were fired, they were, in his opinion, "relatively fresh."
 {¶ 22} At the close of the above testimony, the prosecution rested. Appellant declined to testify in his own defense, and no other witnesses testified on appellant's behalf. After deliberations, the jury returned verdicts of guilty as to the charges of illegal possession of a firearm in a liquor permit premises, the firearm specification, and having a weapon while under disability. Appellant was found not guilty of felonious assault.
 {¶ 23} On March 22, 2001, a sentencing hearing was held, after which the trial court sentenced appellant to serve two concurrent one-year sentences for possession of a weapon in a liquor establishment and having a weapon while under disability, to be followed by a mandatory three-year sentence for the firearm specification, pursuant to R.C.2929.14(D)(1). A timely notice of appeal was filed.
 {¶ 24} Appellant asserts in his first assignment of error that the trial court erred when it allowed the prosecution, over appellant's objection, to introduce evidence of the shooting incident at Prospect and Detroit Avenue. In support thereof, appellant argues that such evidence improperly led the jury to believe that appellant has a propensity to discharge weapons in a public place, in violation of Evid.R. 404(B).
 {¶ 25} Generally, a trial court enjoys broad discretion in admitting evidence, and that decision will not be reversed on appeal absent a finding of abuse of discretion. State v. Williams (1982),7 Ohio App.3d 160, paragraph one of the syllabus; State v. Rigby (1991),58 Ohio St.3d 269, 271. The term "abuse of discretion" connotes more than an error of law; it implies that the court's decision was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 26} Pursuant to Evid.R. 402, all relevant evidence is generally admissible at trial. However, the introduction of relevant evidence is limited by Evid.R. 403(A), which prohibits the introduction of overly prejudicial evidence. In addition, Evid.R. 404(B) generally prohibits evidence of other acts offered to "prove the character of a person in order to show that he acted in conformity therewith," unless the evidence is offered for "other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id.
 {¶ 27} Evidence of other crimes, wrongs or bad acts that are independent of, and unrelated to, the offenses for which a defendant is on trial are admissible, pursuant to Evid.R. 404(B), to establish the accused's identity as the perpetrator of the crime with which he is charged. State v. Woodard (1993), 68 Ohio St.3d 70, 73. The introduction of such evidence gives rise to a reasonable inference that, "if the defendant is * * * the perpetrator of the uncharged offense or offenses, then he is also the perpetrator of the charged offense." Statev. Pierson (1998), 128 Ohio App.3d 255, 260-261.
 {¶ 28} Testimony was presented at trial that appellant told police officers he fired several shots at Prospect and Detroit Avenue two days after the shooting incident occurred at Hughley's bar. Scientific analysis verified that the .380 caliber shell casing recovered from the Prospect and Detroit location and the three .380 caliber shell casings found outside Hughley's bar on November 16 were fired from the same weapon. This evidence, without more, is not dispositive as to whether appellant fired the weapon at Hughley's bar. However, when combined with Ladd's testimony that appellant discharged a weapon outside Hughley's on November 16, it gives rise to a reasonable inference that appellant discharged the same .380 caliber weapon at both locations. Accordingly, the evidence was admissible for the purpose of establishing appellant's identity as the perpetrator of the crimes for which he was charged.
 {¶ 29} In addition, the record demonstrates that, prior to the introduction of testimony regarding the shooting at Prospect and Detroit Avenue, the trial court gave a limiting instruction to the jury that the testimony was to be considered "only for the purpose of deciding whether it proved the identity of the person who committed the offense of felonious assault." Thereafter, although appellant was found guilty of crimes related to possession of a firearm, the jury found him not guilty of felonious assault. Clearly, the evidence was not overly prejudicial and the jury was able to comprehend and follow the limiting instruction of the trial court.
 {¶ 30} Upon consideration of the record in this case and the law, this court finds that the trial court did not abuse its discretion by allowing the prosecution to introduce evidence of appellant's involvement in the shooting incident at Prospect and Detroit Avenue for the limited purpose of establishing "the
 {¶ 31} identity of the person who committed the offense of felonious assault." Appellant's first assignment of error is not well-taken.
 {¶ 32} Appellant asserts in his second assignment of error that he was deprived of due process of law because his convictions were not supported by sufficient evidence. In support thereof, appellant argues that, without the evidence of the shooting incident at Prospect and Detroit, it is "highly unlikely" that appellant would have been convicted of any crime.
 {¶ 33} Sufficiency of the evidence is "that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law" State v. Thompkins (1977), 78 Ohio St.3d 380, 386. The relevant inquiry on appeal is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. The weight and credibility of the evidence are left to the trier of fact. State v. DeHass (1961), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 34} R.C. 2923.121, states, in pertinent part, that:
 {¶ 35} "(A) No person shall possess a firearm in any room in which liquor is being dispensed in premises for which a D permit has been issued * * *.
 {¶ 36} "* * *
 {¶ 37} "(D) Whoever violates this section is guilty of illegal possession of a firearm in liquor permit premises, a felony of the fifth degree."
 {¶ 38} R.C. 2923.13 states, in pertinent part:
 {¶ 39} "(A) * * * [No person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:
 {¶ 40} "* * *
 {¶ 41} "(3) The person is under indictment for or has been convicted of any offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse * * *.
 {¶ 42} "* * *
 {¶ 43} "(C) Whoever violates this section is guilty of having weapons while under disability[,] * * * a felony of the fifth degree. * * *"
 {¶ 44} In addition to the above, the indictment contained a specification pursuant to R.C. 2941.145(A), which mandates a three-year prison term upon an offender who is found to have "had a firearm on or about [his] person or under [his] control while committing the offense and displayed the firearm, brandished the firearm, indicated that [he] possessed the firearm, or used it to facilitate the offense." Id.
 {¶ 45} It is undisputed that Hughley's bar was in possession of a D liquor permit on November 16, 2000. As set forth above, Detectives Woodson and Scott testified that appellant admitted to having a black and silver .380 caliber weapon in his possession while he was inside the bar. Andreas Ladd testified that he saw appellant obtain a gun from a female companion while appellant was inside the bar and, later, he saw appellant shoot a gun in the direction of the bar from the sidewalk outside. Finally, the parties stipulated that appellant was convicted of cocaine possession on June 26, 2000.
 {¶ 46} This court has reviewed the entire record that was before the trial court and, upon consideration thereof and the law, finds that sufficient evidence was presented from which, when viewed in a light most favorable to the prosecution, any rational trier of fact could have found appellant guilty beyond a reasonable doubt. Appellant's second assignment of error is not well-taken.
 {¶ 47} Appellant asserts in his third assignment of error that his convictions were against the manifest weight of the evidence.
 {¶ 48} Weight of the evidence indicates that the greater amount of credible evidence supports one side of an issue more than the other.State v. Thompkins, supra at 387. In determining whether a criminal conviction is against the manifest weight of the evidence, the appellate court functions as a "thirteenth juror" and either agrees or disagrees with the factfinder's resolution of the conflicting testimony. Id. at 387, citing Tibbs v. Florida (1982), 457 U.S. 31, 42.
 {¶ 49} To determine whether this is an exceptional case where the evidence weighs heavily against conviction, an appellate court must review the record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses. Id., quoting State v. Martin
(1983), 20 Ohio App.3d 172, 175. Only if we conclude that the trier of fact clearly lost its way in resolving conflicts in evidence and created a manifest miscarriage of justice will we reverse the conviction and order a new trial. Id.
 {¶ 50} This court has considered the entire record of proceedings as set forth above and, upon consideration thereof and the law, finds no indication that the trier of fact lost its way or created a manifest miscarriage of justice. Accordingly, the trial court's judgment finding appellant guilty of illegal possession of a firearm in a liquor establishment with an attached firearm specification and possession of a weapon while under disability was not against the manifest weight of the evidence. Appellant's third assignment of error is not well-taken.
 {¶ 51} The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Court costs of these proceedings are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., and James R. Sherck, J., CONCUR.