OPINION
BRYANT, PJ.
 {¶ 1} This appeal is brought by Defendant-Appellant Gilberto Martinez from the judgment of conviction and sentence rendered by the Court of Common Pleas, Marion County, upon a jury verdict finding him guilty on one count of possession of cocaine with a major drug offender specification, a violation of R.C. 2925.11(A)(C)(4), a felony of the first degree. For the reasons set forth in the opinion below, we AFFIRM the trial court's judgment.
 {¶ 2} The record presents the following facts. On December 19, 2001, at approximately 12:20 a.m., Marion City Police Officer Staci Stought observed a black Chevrolet Avalanche traveling with an unlit and obstructed rear license plate. Stought could not determine the issuing state or whether the plate carried a valid registration sticker. As she followed the truck, Stought further observed the vehicle turn without signaling. Based on her observations, Stought initiated a traffic stop. Once stopped, Stought approached the truck and informed the driver, Appellant Gilberto Martinez, and his passenger, Deshay Jones, as to her reasons for the stop. Sought determined that the men were from Texas and that each carried a Texas driver's license. After collecting this information, Stought returned to her patrol car where she waited for dispatch to run a check on the plate number and driver's licenses. Dispatch responded that there were no warrants or alerts related to the truck or its occupants.
 {¶ 3} During this time, Officer Steven Ross overheard the dispatch report describing Martinez as residing in McAllen, Texas, a border town known for heavy narcotics activity. Ross radioed Stought and expressed a desire to speak with the occupants of the truck. Stought acknowledged Ross's request and then returned to the truck to issue warnings for the license plate obstruction and illumination violations. Next, Stought provided Martinez with directions to the highway and indicated that she was "done", but that another officer was interested in speaking with them if they would not mind hanging around. The men agreed.
 {¶ 4} A short time later, Ross arrived at the scene, introduced himself to Martinez and Jones, and then engaged in a conversation about where they were from and where they were going. Martinez became somewhat defensive and told Ross that he had nothing to hide. Martinez then invited the officers to look inside his truck. Ross accepted the invitation and the men exited the vehicle. Thereafter, Ross and Stought conducted a full search of the interior and exterior of the truck, culminating in the discovery of a significant quantity of rock cocaine in a passenger-side toolbox. Police later seized electronic scales, $9,000 in cash and a variety of documentary evidence from the truck.
 {¶ 5} Consequently, On January 10, 2002, the Marion County Grand Jury indicted Martinez for one first-degree felony count of possession of cocaine, in violation of R.C. 2925.11(C)(4), with a major drug offender specification pursuant to R.C. 2941.1410 and 2929.01(X). On January 14, 2002, Martinez entered a plea of not guilty and thereafter filed a motion to suppress the evidence obtained during the vehicle search. The trial court conducted a suppression hearing on March 18, 2002, wherein Martinez and Jones jointly argued that the vehicle search violated the law. On April 30, 2002, the trial court denied the motion to suppress. Subsequently, Martinez came to trial before a jury, wherein he was unanimously found guilty as charged in the indictment. On September 24, 2002, the trial court sentenced Martinez to a mandatory eighteen-year term of incarceration. Appellant now appeals from the denial of the motion to suppress and the final judgment of conviction and sentence.
 {¶ 6} Appellant raises the following assignments of error:
 I. The trial court erred to the prejudice of Defendant-Appellant by denying his motion to suppress the results of this stop, continued detention, and subsequent search.
 II. The trial court erred to the prejudice of Defendant-Appellant by allowing other acts evidence.
 III. The trial court erred to the prejudice of Defendant-Appellant by permitting the hearsay testimony of Officer Ross.
 IV. Defendant-Appellant's conviction is contrary to the manifest weight of the evidence.
 V. The combination of the aforementioned errors are sufficient to call into question the validity of the verdict, preventing the appellant from obtaining the fair trial guaranteed by the fifth and sixth amendments to the U.S. Constitution as made applicable to the states by the Fourteenth Amendment, and Article One, Sections Ten and Sixteen of the Ohio Constitution.
 I {¶ 7} In his first assignment of error, Appellant argues that the trial court erred by denying his motion to suppress the evidence obtained as a result of the search conducted by officers Ross and Stought. Specifically, Martinez insists that the totality of the circumstances surrounding the stop suggests that consent to search was not granted voluntarily. We disagree.
 {¶ 8} In a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate witness credibility. State v. Clay (1973),34 OhioSt.2d 250, 298 N.E.2d 137. A reviewing court is bound to accept those findings of fact if supported by competent, credible evidence. See State v.Schiebel (1990), 55 Ohio St.3d 71, 564 N.E.2d 54. However, without deference to the trial court's conclusion, it must be determined independently whether, as a matter of law, the facts meet the appropriate legal standard. State v. Claytor (1993), 85 Ohio App.3d 623, 627,620 N.E.2d 906.
 {¶ 9} The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution secure the right to be free from unreasonable searches and seizures and require warrants to be particular and supported by probable cause. A search conducted without a warrant and without probable cause usually violates theFourth Amendment, unless there is consent to the search. Schneckloth v.Bustamonte (1973), 412 U.S. 218, 219, 93 S.Ct. 204. The voluntariness of consent is a question of fact to be determined from the totality of the circumstances, with the government having the burden of showing by clear and positive evidence that the consent was freely and voluntarily given.State v. Posey (1988), 40 Ohio St.3d 420, 427.
 {¶ 10} The thrust of Martinez's argument is that Officer Stought did not have lawful reason to detain him after issuing the warnings for license plate obstruction and illumination, and therefore, the detention was an illegal seizure of his person. Furthermore, Martinez argues that since consent to search the truck was obtained during an illegal detention, the consent was invalid without proof that it was not the product of the illegal detention but the result of an independent act of free will. Florida v. Royer (1983), 460 U.S. 491, 501, 103 S.Ct. 1319. Martinez relies on State v. Robinette, 80 Ohio St.3d 234, 1997-Ohio-343,685 N.E.2d 762 in which the Ohio Supreme Court stated,
 "When a police officer's objective justification to continue detention of a person stopped for a traffic violation for the purpose of searching the person's vehicle is not related to the purpose of the original stop, and when that continued detention is not based on any articulable facts giving rise to a suspicion of some illegal activity justifying an extension of the detention, the continued detention to conduct a search constitutes an illegal seizure." Id. at 240.
 {¶ 11} In that case, a police officer stopped Robinette for speeding and issued a warning. As the police officer returned Robinette's driver's license, he inquired as to whether or not Robinette was transporting contraband in his vehicle. Robinette said he was not, and the police officer then asked Robinette if he could search the vehicle. Later, Robinette testified that he was surprised by the question and automatically answered yes, since he did not feel as if he had a choice. Upon these facts, the Ohio Supreme Court determined that, because the police officer had no reasonable articulable suspicion to detain Robinette after the traffic stop was complete, the detention was unlawful. Thereafter, the court found that the totality of the circumstances did not suggest that Robinette submitted to the search by his own free will, but rather submitted because he thought he had to.
 {¶ 12} We find Robinette to be critically distinguishable from the facts at bar. Officer Stought testified at the suppression hearing that after issuing the warning citations to Martinez, she told the men that she "was done." Next, she stated that another officer wished to speak with them and asked if they would mind waiting around. Martinez, though he was under no apparent obligation to do so, agreed to wait. Notably, Stought did not demand that Martinez wait nor did she suggest that he was required to wait. Therefore, Martinez was free leave at any time and was not illegally detained.
 {¶ 13} Furthermore, even if we were to conclude, arguendo, that Martinez was illegally detained, the totality of the circumstances still suggests that the consent to search was the result of an independent act of free will. Upon his arrival at the scene, Officer Ross entered into a consensual conversation with Martinez and his passenger, casually discussing where the Texans were coming from and where they were headed. Ross did not ask whether he could search Martinez's truck. On the contrary, Martinez invited Ross to do so. Therefore, the search of Martinez's vehicle was not the product of an illegal detention, but the result of an independent act of free will. Cf. United States v. Lyton
(C.A.8, 1998), 161 F.3d 1168, 1171 (consent voluntary where defendant invited officer to check vehicle for guns and drugs); United States v.Glover (C.A.2, 1992), 957 F.2d 1004, 1007 (consent voluntary where defendant had picked up his shoulder bag, threw it onto a desk, and told the officers to search it). For the reasons stated, Appellant's first assignment of error is overruled.
 II {¶ 14} In his second assignment of error, Martinez argues that the trial court erred by permitting the prosecution to introduce testimony regarding his prior bad acts. Specifically, Martinez alleges that the testimony of Randy Bosarge and Daryl Castile constituted impermissible character evidence concerning his propensity to possess drugs. We disagree.
 {¶ 15} A trial court enjoys broad discretion in admitting evidence and will be reversed only upon a showing of an abuse of discretion. Statev. Williams (1982), 7 Ohio App.3d 160, 162, 454 N.E.2d 1334. In addition, this abuse of discretion must materially prejudice the defendant. Statev. Lowe (1994), 69 Ohio St.3d 527, 532, 634 N.E.2d 616 (citing State v.Maurer [1984], 15 Ohio St.3d 239, 265, 473 N.E.2d 768). "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 16} It is a well stated rule of law that an accused cannot be convicted of one crime by proving he committed other crimes or is a bad person. State v. Jamison (1990), 49 Ohio St.3d 182, 184, 552 N.E.2d 180. For this reason, the Rules of Evidence prohibit the use of "other crimes, wrongs, and acts * * * to prove the character of the accused in order to show that he acted in conformity therewith." Evid.R. 404(B). However, both the Rules of Evidence and Ohio statutory law provide exceptions to this rule. Evidence Rule 404(B) states that other acts evidence may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Furthermore, R.C. 2945.59 provides:
 In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are * * * prior or subsequent thereto.
 What's more, even if the other acts evidence is relevant to some other material issue at hand, it shall be excluded if the probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury. State v. Harrington, Logan App. No. 8-01-20, 2002-Ohio-2190; Evid.R.403(A).
 {¶ 17} In the case sub judice, the state proffered the testimony of Randy Bosarge, formerly of the Jackson County, Mississippi Sheriff's Department, who intended to testify that on April 8, 1995, he apprehended Martinez transporting 114lbs. of marijuana from Texas to Florida. Martinez entered a timely objection to the testimony as irrelevant to any material issue at hand or, in the alternative, more prejudicial than probative. The state countered that the 1995 incident was admissible as evidence of Martinez's opportunity, plan, knowledge and absence of mistake or accident; issues made relevant by Martinez's claim that he did not know that there were illegal drugs in the back of his truck. The trial court agreed with the state and overruled Martinez's objection with the caveat that it would give the jury a limiting instruction on the use of the testimony.
 {¶ 18} The trial court's decision was not an abuse of discretion. Martinez stood trial for knowingly possessing rock cocaine, an illegal substance. As the cocaine in question was discovered inside of a locked tool container mounted on a truck owned and driven by Martinez, whether or not Martinez possessed the drugs was not at issue. Rather, the material issue at trial was whether or not Martin knew the drugs were inside of the tool box. As evidenced by his opening statement and questions to witnesses on cross examination, Martinez's sole defense was that he did not know that the cocaine was in his truck. Therefore, it was reasonable for the trial court to determine that Bosarge's testimony regarding a prior incident in which Martinez was found with drugs in his car was directly probative as to what Martinez knew, his opportunity to obtain drugs, his common scheme or plan and whether or not the cocaine was mistakenly or accidentally placed in his truck.
 {¶ 19} Next, Martinez assigns error to the testimony of Daryl Castile who testified, without objection, that from November 2000 to June 2001, he regularly purchased bricks of cocaine from Martinez in Sandusky, Ohio. Martinez insists that this testimony is inadmissible character evidence and not subject to the exceptions in Evid.R.404(B) and R.C. 2945.59. We note that since Castile's testimony was not objected to at trial, Martinez has waived all but plain error. Plain error does not exist unless it can be said that but for the error, the outcome of the trial clearly would have been different. State v. Long (1978),53 Ohio St.2d 91, 372 N.E.2d 804.
 {¶ 20} We do not find error in the admission of Castile's testimony, which, similar to Bosarge's, was probative of Martinez's opportunity to possess drugs, his plan to sell drugs, his knowledge that he possessed drugs, and to show the absence of any accidental appearance of the drugs in his truck. Even if we were to determine otherwise, that the admission of Castile's testimony was error, we do not find plain error. The jury heard testimony from officers Stought and Ross regarding the circumstances of the arrest. We find that their testimony alone could have resulted in Martinez's conviction, especially in light of the fact that Martinez did not present any form of defense other than opening remarks, closing remarks, and cross-examination. Furthermore, the jury heard evidence regarding the amount of cash found in Martinez's possession and the discovery of electronic scales inside of the truck, both of which could lead to a reasonable inference of habitual drug dealing. Thus, we are not convinced but for Castile's testimony, the outcome of the trial would have been different. Accordingly, Appellant's third assignment of error is overruled.
 III {¶ 21} In his third assignment of error, Martinez argues that the trial court allowed, to his prejudice, the admission of impermissible hearsay testimony by Officer Ross. Specifically, Martinez insists that statements by Ross in reference to what he was told by law enforcement officials from Texas concerning the likelihood of someone from McAllen, Texas carrying illegal drugs, was hearsay. We disagree.
 {¶ 22} The Rules of Evidence define hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R.801(C); Evid.R.802. Hearsay is generally inadmissible unless it meets one of the recognized exceptions to the hearsay rule. Evid.R.802. However, not every out-of-court statement constitutes hearsay. "A statement is not hearsay if it is admitted to prove that the declarant made it, rather than to prove the truth of its contents." State v.Williams, (1988), 38 Ohio St.3d 346, 348, 528 N.E.2d 910. For example, an out-of-court statement may be admitted to show the existence of a verbal act, to give meaning to otherwise ambiguous conduct, to show the effect on the hearer and to show the mental state of the declarant. Id at 348, fn. 4.
 {¶ 23} In the matter at bar, Officer Ross testified during Martinez's trial that, on the night in question, he overheard the dispatch report describing Martinez and his passenger as residing in McAllen, Texas, which caught his attention. Upon further inquiry, Ross explained that he had once participated in a joint drug interdiction operation with the Marion City Police Department, the Federal Bureau of Investigation and the Federal Drug Enforcement Administration, in McAllen, Texas. Thereafter, the following dialog took place:
 State: And specifically, during your investigation in the McAllen, Texas area, did you receive additional information as to the significance of that area in the drug trade?
Ross: Yes, sir, I did, from the Department of Public Safety
State: What is the Department of Public Safety?
Ross: That's basically like a State Police for Texas.
State: And what did you learn?
 Ross: That — I had had been informed — (Objection raised overruled) By working with the agents down in Texas, I learned that they consider — they called it [McAllen, Texas] "The Valley", and they instructed me that any time that — if I'm back up home working in Marion, Ohio, that if you run across somebody from McAllen, Texas area, and since that's where I worked down there it caught my attention that night on the traffic stop, that, you know, it might not be a bad investigative stop to check for illegal narcotics.
 {¶ 24} Contrary to what Martinez alleges, the above dialog contains no hearsay as defined by the Rules of Evidence. The statement by Officer Ross was not offered to prove the truth of the matter asserted, to wit, that if you run across someone from McAllen, Texas, it might not be a bad investigative stop to check for illegal narcotics. On the contrary, the statement was offered to demonstrate why the dispatch report caught the attention of Officer Ross, and why he then asked for permission to speak with the two detained Texans. Officer Ross's statement is an example of a statement offered to show the effect on the hearer, and therefore is not hearsay. Accordingly, Appellant's third assignment of error is overruled.
 IV {¶ 25} In his fourth assignment of error, Martinez asserts that his conviction for possession of cocaine is against the manifest weight of the evidence. In support of this argument, Appellant provides no argument, other than to say that the jury was swayed by improperly admitted evidence and clearly lost its way. Having found no improperly admitted evidence thus far, we do not find Martinez's argument well taken.
 {¶ 26} Furthermore, Martinez does not dispute that he was found in possession of 2.7 kilograms of cocaine. The police found the drugs inside of a locked compartment mounted on the rear of Martinez's truck. Martinez had possession of the key to the compartment, and in fact used the key to open the compartment for the police. Additionally, Martinez possessed a large amount of cash and electronic scales. Martinez's trial counsel stated in opening and closing remarks, which may not be considered evidence, that that Martinez did not know that the drugs were in the truck. However, Martinez did not present any evidence at trial to support this defense; he did not call witnesses or proffer evidence. Therefore, after reviewing the entire record and viewing the evidence in the light most favorable to the prosecution, we find that any rational trier of fact could have found the essential elements of possession beyond a reasonable doubt. See eg. State v. Campbell (2000), 90 Ohio St.3d 320,329, 738 N.E.2d 1178 (quoting Jackson v. Virginia (1979), 443 U.S. 307,319, 99 S.Ct. 2781, 61 L.Ed.2d 560). Appellant's fourth assignment of error is overruled.
 V {¶ 27} In his final assignment of error, Martinez argues that the combination of errors committed at trial prevented him from obtaining a fair trial as guaranteed by the Fifth and Sixth amendments to the United States Constitution. Having found no errors in the proceeding below, we do not find Martinez's argument well taken. Our review of the record reveals that Martinez received a fair trial and was not unduly prejudiced. Accordingly, the fifth and final assignment of error is overruled.
 {¶ 28} For the reasons stated it is the order of this Court that the judgment of the Court of Common Pleas, Marion County is herebyAFFIRMED.
 Judgment Affirmed. WALTERS and CUPP, J.J., concur.